## In re Edna HOUSEMAN.

### No. 09–01–408 CV.

Court of Appeals of Texas, Beaumont.

Submitted on Oct. 24, 2001.

Decided Nov. 15, 2001.

As Corrected Feb. 14, 2002.

John D. Stone, Stone & Stone, Beaumont, for appellant.

* The Honorable John Hill, sitting by assignment pursuant to Tex. Gov't Code Ann.

John Cash Smith, Joe E. Broussard, Mehaffy & Weber, P.C., Beaumont, for appellee.

Before WALKER, C.J., BURGESS and HILL, JJ.

## OPINION

JOHN HILL, Justice.*

Relator, Edna Houseman, seeks a writ of mandamus to prevent testimony in a guardianship proceeding from Dr. Edward Gripon, a psychiatrist employed by a prior attorney to assess her mental competency. Edna's nephew, Robert Houseman, in connection with his application in the County Court at Law for appointment of a guardian of Edna's person, seeks to use the testimony to challenge the authority of Edna's attorney to act in her behalf. Edna contends that allowing the testimony would violate her attorney-client privilege. The trial court initially sustained Edna's objection to the testimony but, on Robert's motion for reconsideration, ultimately ruled that Dr. Gripon's testimony is admissible, not being precluded by any privilege. Edna seeks to have the September 11, 2001, order on the motion to reconsider vacated. We conditionally grant the writ of mandamus because the trial court abused its discretion by ruling that Dr. Gripon's testimony is admissible; the testimony is inadmissible because it is barred by the attorney-client privilege.

Mandamus issues only to correct a clear abuse of discretion or to correct the violation of a duty imposed by law when there is no other adequate remedy at law. *Walker v. Packer,* 827 S.W.2d 833, 839

§ 74.003(b) (Vernon 1998).

(Tex.1992) (orig.proceeding). The trial court abuses its discretion when it reaches an erroneous legal conclusion with respect to the disclosure of privileged or potentially privileged information. *See Huie v. De-Shazo*, 922 S.W.2d 920, 927–28 (Tex.1996) (orig.proceeding). Where a trial court orders disclosure of potentially privileged information, there is no adequate remedy by appeal. *Id.* at 928. Thus, by application, mandamus lies to prevent the taking of testimony that would violate the attorney-client privilege.

■ The attorney-client privilege is preserved in Rule 503 of the Texas Rules of Evidence, which provides, in part, as follows:

A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client:

(A) between the client or a representative of the client and the client's lawyer or a representative of the lawyer.

Tex.R. Evid. 503(b)(1)(A). A "representative of the lawyer" includes one employed by the lawyer to assist the lawyer in the rendition of professional legal services. Tex.R. Evid. 503(a)(4)(A). Because Dr. Gripon was employed by Edna's former lawyer to assist in the rendition of professional legal services, Edna has the right, based upon the attorney-client privilege, to prevent its disclosure.

Robert Houseman, the real party in interest, asserts that Edna waived the attorney-client privilege because at the initial Rule 12 hearing she did not object to Dr. Gripon's testimony on that basis. See Tex.R. Civ. P. 12. Robert has brought forward the record from the relevant portion of the Rule 12 hearing.

When Robert's attorney asked Dr. Gripon to tell the Court exactly what he did with regard to asking Edna questions, talking to her, and getting information or lack of information from her that allowed him to make an assessment, Edna's attorney, after a series of voir dire questions, objected on the basis of Edna's medical privilege. The trial court sustained that objection.

In response to further argument by Robert's attorney, Edna's attorney responded as follows:

Your Honor, there's no difference between what they are trying to do right now than coming over to my office, opening my filing cabinet, reaching in there and taking out my file on Edna Houseman and bringing it down here and handing it to the Court.

This gentleman was asked to assist an attorney who was representing that lady, and in that capacity he came out and he conducted a medical examination. He's not been released—he's not been provided with any type of a release for that medical information obtained in the role of a consultant; and on behalf of Mrs. Houseman, until I no longer represent her, I'm asserting her privilege against disclosure of that medical information.

Following this response, the trial court repeated its ruling that the doctor could not testify about the medical information, but that he could tell the court what he saw as anyone could who had contact with any person. Testimony then proceeded. When Dr. Gripon was asked what evaluation he made and what his opinion about Edna's mental status was based on the examination he conducted, Edna's counsel made further objections. At the trial court's request, Dr. Gripon testified that he told Edna that he had been brought there by an attorney who was working

with her and that he was to make a determination as to her capacity to live independently, to make certain judgments or to enter into certain kinds of contractual agreements, and that he was there to determine whether she had testamentary capacity.

Following Dr. Gripon's explanation of what he told Edna, Edna's counsel addressed the court, saying, "Your Honor, I will make a proffer to the Court that if I present Chip Radford in here, Chip will tell you that this doctor was called in there as a consultant to Chip Radford, who was representing her, with an express purpose of developing some attorney privileged material." The trial judge then announced that he was going to stay with his ruling and would not allow a professional opinion of the witness. Although Robert contends Edna did not raise the attorney-client privilege, we hold that, overall, Edna's attorney made a sufficient objection at the Rule 12 hearing to Dr. Gripon's testimony on the basis of the attorney-client privilege.

Subsequently, Robert's attorney filed a motion requesting the trial court to reconsider its ruling concerning Dr. Gripon's testimony. Robert argued that the testimony was admissible as an exception to the rule barring disclosure of communications between patients and certain mental health professionals. He also maintained that Edna was foreclosed from asserting this privilege because of the offensive use doctrine. In her response to the motion to reconsider, Edna asserted that she was relying on the attorney-client privilege and that the exception relied upon by Robert was inapplicable to that privilege. She also made an argument that her assertion of the privilege was not barred by the offensive use doctrine. The trial court, in granting the motion for reconsideration, found that no evidentiary privilege applied to preclude

Dr. Gripon's testimony regarding his mental examination of Edna and specifically overruled Edna's attorney-client privilege objection. Inasmuch as Edna objected to the use of Dr. Gripon's testimony based upon the attorney-client privilege prior to the trial court's ultimate ruling, we hold that her objection was timely and she did not waive her assertion of that privilege either at the Rule 12 hearing or at the hearing on the motion to reconsider.

Relying upon the offensive use doctrine, Robert contends that Edna may not assert the attorney-client privilege. Before a waiver of the privilege based upon that doctrine may be found, the party asserting the privilege must seek affirmative relief; the privileged information sought must be such that, if believed by the fact finder, in all probability it would be outcome determinative of the cause of action asserted (mere relevance is insufficient; a contradiction in position without more is insufficient; and the confidential communication must go to the very heart of the affirmative relief sought); and disclosure of the confidential communication must be the only means by which the aggrieved party may obtain the evidence. *Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 163 (Tex.1993). If any of these requirements is lacking, the trial court must uphold the privilege. *Id.* Since we find the first requirement is not met, we need not address the others.

In this case, neither Edna nor her attorney has sought any affirmative relief. She has merely sought to defend Robert's effort to obtain a guardianship over her person, and her attorney has sought to show his authority to act as required by Robert's filing of a Rule 12 motion. Since Edna is presumed to be competent, her attorney does not place her competency at

issue when showing his authority to act. *See Thomas v. Anderson*, 861 S.W.2d 58, 61 (Tex.App.—El Paso 1993, no writ) ("[W]here a party is free from the control of a mental institution and makes voluntary appearances before the trial court, the party is presumed to be mentally competent."). It is Robert who seeks to show that she is incompetent and who wishes to use the privileged testimony in order to accomplish that. Because neither Edna nor her attorney seeks affirmative relief, we hold that the attorney-client privilege with respect to Dr. Gripon's testimony has not been waived by the offensive use doctrine.

Robert challenges our right to proceed on the basis that Edna has brought forward an inadequate record. Relator must file with the petition for writ of mandamus "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and a "properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." Tex.R.App. P. 52.7(a). "After the record is filed, relator or any other party to the proceeding may file additional materials for inclusion in the record." Tex.R.App. P. 52.7(b).

Edna did not file with her petition for writ of mandamus any authenticated transcript of either the Rule 12 hearing or any hearing on the motion for reconsideration, nor did she include a statement that no testimony was adduced in connection with the matter complained. Robert included in his response to her petition a motion to strike her petition because she failed to file the required transcript or statement. Robert also included a certified copy of the testimony of Dr. Gripon taken at the Rule 12 hearing.

 In a letter to the attorneys for both parties, we noted that the real party in interest (Robert) had objected to the relator's (Edna's) petition for writ of mandamus and noted that we would delay our ruling for two weeks in order to provide the parties an opportunity to supplement the record in accordance with Rule 52.7 of the Texas Rules of Appellate Procedure. Subsequently, Edna filed a response in which she asserted that she was not complaining of any evidentiary ruling from the Rule 12 hearing but that she was complaining of the court's ruling on Robert's motion for reconsideration. She asserts that no testimony was presented at the September 11, 2001, hearing on the motion to reconsider. We understand Edna's response to be that the only record needed for our review is Robert's motion to reconsider, Edna's response to that motion, and the September 11, 2001, order signed by the trial judge. However, other portions of Edna's reply brief in this mandamus proceeding belie that assertion, since she refers us to testimony from the August 29, 2001, hearing on the Rule 12 motion. Robert argues that some evidence from the Rule 12 hearing is relevant. As noted, he has brought forward the portion of that testimony including the testimony of Dr. Gripon. We agree that this testimony is relevant to our determination. Edna, the relator, appears to conclude that none of the testimony from the Rule 12 hearing is relevant but nonetheless refers to it in both her petition and reply brief. The real party in interest has brought forth a portion of the testimony asserting that it is relevant. Where neither Edna nor Robert asserts that any other portion of the testimony from the Rule 12 hearing is relevant in the determination of this writ, we conclude that all relevant testimony is before

us. Since that is the goal sought by Rule 52.7 of the Texas Rules of Appellate Procedure, we hold that Edna's failure to comply with the Rule, in effect, was cured by Robert's providing us with a copy of relevant testimony from the Rule 12 hearing. Consequently, we hold that the record is sufficient for the purposes of this petition for writ of mandamus and overrule Robert's motion to strike.[1]

Robert contends that John Stone, who was acting as Edna's attorney in the underlying proceeding, lacked the authority to claim the attorney-client privilege. Rule 503(c) of the Texas Rules of Evidence governs who may claim the privilege. The rule provides:

> The [attorney-client] privilege may be claimed by the client, the client's guardian or conservator, the personal representative of a deceased client, or the successor, trustee, or similar representative of a corporation, association, or other organization, whether or not in existence. The person who was the lawyer or the lawyer's representative at the time of the communication is presumed to have authority to claim the privilege but only on behalf of the client.

Tex.R. Evid. 503(c).

As a subsequent attorney who was not the client's attorney at the time of the communication, John Stone is not listed as a person who may claim the privilege. This is a Rule 12 proceeding, in which an attorney purporting to represent the client has been cited to appear and show his authority to act on the client's behalf. Robert argues that any claim of the attorney-client privilege used to exclude testimony presented by the party seeking to defeat the attorney's authority, and not shown to have been made by the client or another listed in Rule 503(c), is made on the attorney's own behalf. However, as previously noted, Stone represented to the court that his effort to exclude Dr. Gripon's testimony on the basis of privilege was made on behalf of Edna, his client. We hold that Stone, as Edna's attorney, had the authority to assert the attorney-client privilege on her behalf.

Robert interprets Rule 503(c) as precluding Stone from asserting the privilege on Edna's behalf because he was not her attorney at the time the communication was made. While Rule 503(c) confers the right to claim the privilege on behalf of the client to the client's attorney at the time the communication was made, we see no intent to preclude the client's subsequent trial attorney from raising evidentiary privileges, including the attorney-client privilege, on behalf of the client.

Because the trial court abused its discretion by granting Robert's motion for reconsideration of its ruling and entering an order finding Dr. Gripon's testimony regarding his examination, evaluation, diagnosis, and prognosis of Edna Houseman to be admissible, we conditionally grant Edna's petition for writ of mandamus and set aside our prior order of September 12, 2001, staying proceedings. The trial court is directed to vacate its September 11, 2001, order granting Robert's motion for reconsideration and to exclude the testimony in question. The writ will issue only in the event the trial court should fail to act in accordance with this opinion.

**WRIT CONDITIONALLY GRANTED.**

---

1. For purposes of our determination of Edna's petition before this Court, we have considered only the certified portion of the record from the Rule 12 hearing that is contained in the appendix to Robert's response to Edna's petition for mandamus.