In The


Court of Appeals


Ninth District of Texas at Beaumont





NO. 09-05-183 CV







IN RE HARROLD E. (GENE) WRIGHT









Original Proceeding






MEMORANDUM OPINION



 We have before the Court a petition for writ of mandamus filed by Harrold E. (Gene)
Wright, plaintiff in a suit against defendants J. Michael Fincher, P.C., J. Michael Fincher,
Individually, J. Benjamin Johnson, John M. Martineck, Michael Harvard and Provost
Umphrey Law Firm, L.L.P. Relator seeks a writ compelling the Honorable J. Gary
Sanderson, Judge of the 60th Judicial District Court of Jefferson County, Texas, to vacate
his order of May 4, 2005, compelling production of the following documents: 

 I. All documents listed on attached Exhibit A are ordered produced
pursuant to the offensive use exception to the attorney client/work
product privilege. The Court specifically holds that the information
contained in these documents cannot be obtained from any other
source, including the other documents this Court has ordered produced
in this order or any other Court order compelling production of
documents.

 

 II. All documents listed on attached Exhibit B are ordered produced
pursuant to the crime/fraud and offensive use exceptions to the attorney
client/work product privilege.

 

 III. All documents listed on attached Exhibit C are ordered produced, as the
Court finds that any privilege that otherwise existed has been waived
by their disclosure to third parties.


 We first note that in his petition Wright does not contest the production of documents
P-WHD 00301 or P-WHD 00361-00376 from Exhibit A. Wright also does not contest the
production of documents P-WHD 00290-00300 or P-WHD 00421 from Exhibit B. Further,
Wright does not contest the production of any of the documents listed on Exhibit C: P-WHD
00488-00504, P-WHD 00624-00628, P-WHD 00630-00638, P-WHD 00676, P-WHD 00677-00697, P-WHD 00701-00731, P-WHD 00732-00753, P-WHD 00755-00774, P-WHD 00788-00801, and P-WHD 00802-00806; none of which are in the record before this Court. 

 The trial court's order was entered following our decision in In re Wright, No. 09-05-079-CV, 2005 WL 913441 (Tex. App.--Beaumont Apr. 21, 2005, orig. proceeding). In
Wright, we noted that "[p]rior to the transfer of his portion of the case to Jefferson County,
and over the objection of the Johnson/Martineck parties, Wright obtained work product
documents on the grounds that the work product privilege never arose due to operation of the
MRCA [Multi-Relator/Counsel Agreement] and the JPA [Joint Prosecution Agreement]." 
Id. at *1. We found the record supported a finding that Wright took the position under the
MRCA and JPA that he was entitled to all of the work product of the real parties in interest
from the qui tam suit, other than communications directly between the attorney and the
client. Id. Because a party who successfully assumes a certain position in a legal proceeding
may not then assume a contrary position, we held the trial court did not abuse its discretion
in ordering production of the documents containing work product. Id. However, the direct
communications between Wright and his lawyers were not subject to compelled production
based on Wright's prior position. We found the trial court abused its discretion by ordering
production of the direct communications between Wright and his lawyers without identifying
the basis for its ruling on each document. Id. at *3. The trial court then entered the order at
issue and identified its basis for ruling the documents were discoverable. Id.

 Our review of the documents in question reveals a number of them are not direct
communications between Wright and his lawyers. Pursuant to our decision in Wright, those
documents are discoverable: P-WHD 00093, P-WHD 00105-00107, P-WHD 00127-00130,
P-WHD 00269-00275, P-WHD 00277-00280, P-WHD 00281-00282, P-WHD 00286-00289,
P-WHD 00302-00303, P-WHD 00334-00335, P-WHD 00336-00340, P-WHD 00357-00358, 

P-WHD 00457-00465, P-WHD 00505-00506, P-WHD 00533-00537, P-WHD 00538-00544, 

P-WHD 00600-00605, P-WHD 00622-00623, P-WHD 00629, P-WHD 00859, and P-WHD
00867-00868.

 The remaining documents are either a direct communication between Wright and his
attorneys or contain handwritten notations by Wright. Wright has grouped the documents
into six categories. We address each in turn. First, however, we discuss the applicable law.

Offensive Use Doctrine


 "Where a plaintiff invokes the jurisdiction of the courts in search of affirmative relief
against a defendant, but attempts on the basis of privilege to deny the defendant the benefit
of evidence that would materially weaken or defeat the plaintiff's claims against the
defendant, this is an offensive rather than defensive use of the privilege, and lies outside the
intended scope of the privilege." Bristol-Myers Squibb Co. v. Hancock, 921 S.W.2d 917,
921 (Tex. App.--Houston [14th Dist.] 1996, no pet.) (citing Ginsberg v. Fifth Court of
Appeals, 686 S.W.2d 105, 107 (Tex. 1985)). Before a waiver of privilege based upon
offensive use may be found, 

 the party asserting the privilege must seek affirmative relief; the privileged
information sought must be such that, if believed by the fact finder, in all
probability it would be outcome determinative of the cause of action asserted
(mere relevance is insufficient; a contradiction in position without more is
insufficient; and the confidential communication must go to the very heart of
the affirmative relief sought); and disclosure of the confidential
communication must be the only means by which the aggrieved party may
obtain the evidence. Republic Ins. Co. v. Davis, 856 S.W.2d 158, 163 (Tex.
1993). 


In re Houseman, 66 S.W.3d 368, 372 (Tex. App.--Beaumont 2001, orig. proceeding). The
trial court must uphold the privilege if any of these requirements is lacking. Id.

 In determining whether attorney-client privilege has been waived by offensive use,
we must consider the claims at issue. Wright's suit against defendants is for breach of the
MRCA, breach of fiduciary duties, negligence and gross negligence, fraud, conversion and
conspiracy. Wright further brings a cause of action for misappropriation of statutory relator's
awards and for equitable forfeiture, and seeks imposition of a constructive trust. Wright also
brings suit for contractual accounting pursuant to the MRCA and equitable accounting based
upon the parties' relationship. In support of these causes, Wright makes the following
assertions regarding defendants' conduct.

 Wright claims that defendants failed to perform under the MRCA or in the alternative,
performed improperly and failed to secure the best and most favorable recovery for all
relators, collectively. Wright asserts defendants conspired to "carve out" $450,000 from the
Mobil settlement, instead of distributing the proceeds in accordance with the MRCA. 

 According to Wright, in pursuit of settlements with Exxon and Unocal, defendants
knowingly used, or caused to be used, false records or statements in order to conceal, avoid
or decrease Exxon's and Unocal's obligation to the Government. Wright makes the same
claim for "each other settlement with a particular defendant in the [case] other than Exxon
and Unocal." Wright alleges the illegal acts were committed by defendants to obtain
Government approval of settlements which were less than they could or should have been
in order to obtain payments of greater statutory attorneys' fees and expenses than defendants
were legally entitled to, constituting a fraud on the Government as well as on Wright himself.
Wright contends defendants violated the terms of the MRCA by settling and releasing his
interest in the relators' claims without his consent and approval. 

 Wright also claims defendants violated the MRCA by not providing information and
assistance on a frank and impartial basis. Wright alleges defendants failed to furnish and
effectively concealed from him the damage estimates, calculations and models they prepared
for use in the settlements. 

 Moreover, Wright maintains that defendants concealed adverse interests, including
excessive statutory attorneys' fees collected adverse to his interest. According to Wright,
defendants have refused to disclose the amounts of statutory fees and expenses collected in
the settlements. Wright alleges the statutory attorneys' fees recovered by defendants are
disproportionately high, the disparity is the result of improper manipulation of the settlement
process, resulting in excessive attorneys' fees and inadequate damage recoveries. 

 It is in light of these allegations that we ascertain whether the trial court erred in
finding Wright's assertion of attorney-client privilege waived via the offensive use doctrine.

Crime Fraud Exception


 The attorney-client privilege does not apply if the lawyer's services were sought to
enable or aid anyone to commit or plan to commit what the client knew or reasonably should
have known to be a crime or fraud. Tex. R. Evid. 503(d)(1). "The crime/fraud exception
applies only if (1) the party asserting it makes out a prima facie case of contemplated fraud
and (2) there is a relationship between the document for which the privilege is challenged and
the prima facie proof offered." Warrantech Corp. v. Computer Adapters Servs., Inc., 134
S.W.3d 516, 527 (Tex. App.--Fort Worth 2004, orig. proceeding) (emphasis theirs). The
prima facie proof must show "a violation sufficiently serious to defeat the privilege." 
Freeman v. Bianchi, 820 S.W.2d 853, 861 (Tex. App.--Houston [1st Dist.] 1991, orig.
proceeding). The proof is sufficient if it sets forth evidence that would establish a fraud that
was ongoing or about to be committed when the document was prepared. In re Monsanto
Co., 998 S.W.2d 917, 934 (Tex. App.--Waco 1999, orig. proceeding). Allegations of 
fraudulent conduct are insufficient. Cigna Corp. v. Spears, 838 S.W.2d 561, 569 (Tex. App.
--San Antonio 1992, orig. proceeding). It is for the court to determine whether there has been
a prima facie showing of fraud. Freeman, 820 S.W.2d at 861.

 The only theory of fraud put forth by defendants regards fraudulent overstatement of
time spent working on the qui tam lawsuit in order to maximize recovery of statutory fees
and costs. Although we will review the documents in light of that allegation, we cannot take
it upon ourselves to review the documents for other possible theories of fraud, as defendants
suggest.

Documents Regarding the Negotiation of the MRCA


 Relying on In re Sea Mar Management, Inc., No. 14-98-01095-CV, 1999 WL
33219365 (Tex. App.--Houston [14th Dist.] Jan. 28, 1999, orig. proceeding) (not designated
for publication), Wright argues he was entitled to seek advice from counsel prior to entering
the MRCA without placing his attorney-client privileged communications at risk of
discovery. The only requirement for the offensive use doctrine contained in Wright's
argument is in a quote from Sea Mar, wherein the court found the attorney's preliminary
evaluation of the legal ramifications of the client's threatened action was not outcome
determinative of Sea Mar's claims. Id. at *6. Accordingly, we construe Wright's argument
as only attacking that requirement. Regarding crime/fraud, Wright only asserts that he did
not commit fraud when seeking advice of counsel during the negotiation of the MRCA.

 We find the trial court erred in ordering production of documents P-WHD 00062-63,
P-WHD 00108-00109, P-WHD 00115-00123, P-WHD 00124-00126, P-WHD 00142-00146,
P-WHD 00147-00151, P-WHD 00152-00161, P-WHD 00162-00167, P-WHD 00185-00253,
P-WHD 00254-00257, P-WHD 00261-00265, P-WHD 00266-00268, and P-WHD 00283-00285. They are not outcome determinative of any issue in the case.

Documents Related to the Mobil Carve-Out


 Wright claims "numerous documents have already been produced to establish the
unauthorized consent to the carve-out of one of Wright's attorneys, but no documents exist
which show that Wright, himself, consented." Because no such documents exist, Wright
asserts there are no responsive documents that could be outcome determinative. Wright does
not contend the evidence may be obtained by other means. Wright further claims the
documents at issue support his position that he never consented to the carve-out. Therefore,
they are not evidence of fraud. 

 We find the documents in question, P-WHD 00417-00420, P-WHD 00545-00549, and
P-WHD 00550-00554, are not outcome determinative. Consequently, the trial court erred in
ordering their production.

General Correspondence Regarding the Oil and Gas Cases


 Wright claims these documents are not directly relevant to the present dispute and
therefore not outcome determinative. Wright alleges defendants were generally aware of the
information contained in these letters and they are not the only means by which defendants
can obtain the information. Wright fails to refer this court to evidence in the record that the
defendants can obtain this information by other means. 

 Our review of documents P-WHD 00304-00309, P-WHD 00310-00312, P-WHD
00314, P-WHD 00325-00328, P-WHD 00329-00333, P-WHD 00813-00836, and P-WHD
00852-00853 reveals they are not outcome determinative of an issue in this case. We
therefore find the trial court erred in ordering those documents produced.

Documents Regarding the Johnson/Martineck Group's Breach of the MRCA


 Wright claims these documents are not outcome determinative and are not the only
means by which defendants can obtain the information because the complaints raised in the
documents are not inconsistent with the claims asserted in the lawsuit. Further, Wright
asserts, his counsel directly addressed these issues with defendants at the time. As a result,
the documents are not evidence of fraud. 

 Having reviewed documents P-WHD 00421, P-WHD 00424-00426, P-WHD 00570-00577, P-WHD 00578-00583, P-WHD 00611-00614, P-WHD 00645-00653, and P-WHD
00654-00660, we find the privileged information is not such that it would, in all probability,
be outcome determinative. Accordingly, we find the trial court erred in ordering production
of those documents.

 Likewise, documents P-WHD 00481-00483, P-WHD 00484-00487, P-WHD 00555-00561, P-WHD 00562-00569, P-WHD 00584-00588, and P-WHD 00606-00610, are not
outcome determinative. Furthermore, we do not find those documents show a prima facie
case of fraud based on the only theory suggested by defendants - the fraudulent
overstatement of time spent working on the qui tam lawsuit. For those reasons, we find the
trial court erred in ordering disclosure of these documents.

 We find portions of documents P-WHD 00466-00480 and P-WHD 00854-00858 are
outcome determinative. Particularly, we are concerned with page 13 of Document P-WHD
00466-00480 and those portions of both documents that do not involve legal advice by
Wright's attorney. Therefore, the trial court did not err in ordering their production. We do
not, however, order their disclosure in full but remand this cause to the trial court for
consideration of appropriate redaction. 

 Documents Regarding a Fee Dispute with Wright's Former Counsel


 Wright asserts these documents concern a fee dispute with his former counsel and
only show how funds were distributed among Wright and his lawyers. Wright claims the
information has previously been provided to the defendants, in exhibit R-7 of the mandamus
record. 

 Our comparison of exhibit R-7 and the documents in question reveal the information
has not been previously provided. Wright makes no other argument, therefore we do not
address whether these documents are outcome determinative. Accordingly, Wright's
argument fails and we find the trial court did not err in ordering discovery of P-WHD 00661-00664, P-WHD 00665-00668, P-WHD 00669-00675, and P-WHD 00812.

Documents Regarding the Distribution of Fees Among the Wright Group


 Wright argues these documents shows the distribution of fees among himself, his
counsel, and former counsel. Additionally, some of the letters contain handwritten notes
approving the fee calculation. Wright claims the entire distribution of all funds received by
Wright has previously been provided to the defendants. Wright makes no other argument,
therefore we do not address whether these documents are outcome determinative.

 Our comparison of exhibit R-7 and the documents in question reveal that while most
of the information has been previously provided, they are not identical. Accordingly, we find
the trial court did not err in ordering discovery of P-WHD 00837-00838, P-WHD 00840-00841, P-WHD 00844-00849, P-WHD 00850-00851, P-WHD 00860-00864, P-WHD 00869,
P-WHD 00870-00872, and P-WHD 00873-00875. Further, we find documents P-WHD
00842-00843 are discoverable under the offensive use doctrine pursuant to Wright's claims
regarding the settlements. As to document P-WHD 00839, the information is contained in
R-7 and the trial court erred in ordering its discovery.

 For the foregoing reasons, we conditionally grant the petition for writ of mandamus
and order the trial court to vacate its order of May 4, 2005, and enter an order consistent with
this opinion. We are confident the trial court will follow this opinion. The writ will issue
only if the court fails to comply.

 WRIT CONDITIONALLY GRANTED.

 PER CURIAM


Submitted on May 23, 2005

Opinion Delivered August 31, 2005



Before McKeithen, C.J., Gaultney and Kreger, JJ.