In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00538-CV**
_____

**IN RE CHRISTUS HEALTH SOUTHEAST TEXAS D/B/A CHRISTUS ST. ELIZABETH HOSPITAL**

_____

**Original Proceeding**
_____

**OPINION**

This discovery dispute arises from a health care liability lawsuit that concerns a patient's cardiac catheterization. In this mandamus proceeding, Christus Health Southeast Texas d/b/a Christus St. Elizabeth Hospital contends the trial court abused its discretion by refusing to order the opposing party to respond to two of its requests for production of documents. Because the trial court could conclude that the discovery requests at issue were not sufficiently tailored to avoid the production of irrelevant evidence, the trial court had discretion to deny Christus's motion to compel. As a result, we deny relief.

1

Plaintiffs, Linda Lowe, individually and representative of the Estate of Arthur Lowe, and Amanda Lowe, Melissa Lowe, and Laura Singletary, individually, filed a health care liability case against Christus and Arthur Lowe's treating physician. In their petition, the Lowes sought to recover wrongful death and survival damages they alleged were related to Arthur's cardiac catheterization on June 30, 2009, and Arthur's death, which occurred the following day. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 71.002, 71.021 (West 2008).

Approximately ten months after Christus answered the Lowes' suit, it served them with a request asking them to produce various documents; the trial court's rulings on two of the requests are the subject of this mandamus proceeding. One of the requests at issue asked that the Lowes produce documentation, in whatever form, of all purchases and calls that were made by Melissa Lowe and Laura Singletary on June 30, 2009, the date Arthur had a cardiac catheterization. The other request, now subject to this proceeding, asked the Lowes to produce copies of any postings pertaining to Arthur or Arthur's death on any social media site.

It is settled that "[p]arties are 'entitled to full, fair discovery' and to have their cases decided on the merits." *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009) (quoting *Able Supply Co. v. Moye*, 898 S.W.2d 766, 773 (Tex. 1995) (orig. proceeding)). "A trial court abuses its discretion when it denies

2

discovery going to the heart of a party's case or when that denial severely compromises a party's ability to present a viable defense." *Id.*

Rule 192.3 of the Texas Rules of Civil Procedure defines the general scope of discovery. *See* Tex. R. Civ. P. 192.3. "In general, a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." Tex. R. Civ. P. 192.3(a). A request for documents or tangible items is governed by Rule 192.3(b). Under the provisions of Rule 192.3(b), "[a] party may obtain discovery of . . . documents and tangible things . . . that constitute or contain matters relevant to the subject matter of the action." Tex. R. Civ. P. 192.3(b). The party responding to the request to produce "is required to produce a document or tangible thing that is within the person's possession, custody, or control." *Id.*

A court may deny a discovery request if the discovery is unreasonably duplicative, could be obtained from a more convenient, less burdensome, or less expensive source, or if it finds the burden or expense of the discovery outweighs its likely benefit. *See* Tex. R. Civ. P. 192.4. To object to a discovery request, the objecting party must "state specifically the legal or factual basis for the objection[.]" Tex. R. Civ. P. 193.2(a). At a hearing on the objections, "[t]he party

3

making the objection or asserting the privilege must present any evidence necessary to support the objection or privilege." Tex. R. Civ. P. 193.4(a).

The Lowes objected to producing documents responsive to the two requests at issue in this proceeding. They objected to Christus's request that Melissa and Laura produce documents that reflected their purchases and calls, asserting "[t]he information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence." They also objected to Christus's request for copies of postings on any social media sites, claiming the request was "an invasion of privacy and any such information would be unreliable and constitute hearsay and a fishing expedition and this request is meant for the purpose of harassment." We note that the Lowes presented no evidence the discovery requests at issue in this proceeding were burdensome, asserted no claim that the information sought to be discovered was privileged, nor did they provide the trial court with a privilege log.

In response to the Lowes' objections, Christus filed a motion to compel. Following an unrecorded hearing, the trial court entered an order denying Christus's motion to compel; afterwards, in this proceeding, the parties could not agree whether the trial court's order addressed only the two requests at issue, or whether the trial court overruled other requests addressed in Christus's motion to compel. At our request, the trial court clarified its order, specifying that its ruling

4

applied only to Christus's request for records of purchases and phone calls made by Melissa and Laura on June 30, 2009, and to social media posts that mentioned Arthur.

In response to Christus's petition for mandamus, the Lowes argue that Christus failed to submit a sufficient record for mandamus review. *See, e.g., In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). However, the Lowes do not identify what records that we do not have that are needed to resolve the issues Christus raises in its petition. Although Christus did not submit a reporter's record of the hearing, counsel for Christus has certified that there was no testimony introduced at the hearing on its motion to compel. *See* Tex. R. App. P. 52.7(a). The trial court's order does not mention that it considered any testimony, nor do the Lowes claim the trial court conducted an evidentiary hearing. We conclude that the record is sufficient for the purpose of our review of the trial court's discovery rulings. *See In re Houseman*, 66 S.W.3d 368, 373-74 (Tex. App.—Beaumont 2001, orig. proceeding) (concluding mandamus record sufficient where neither party identified relevant evidence not included in record before the court).

According to Christus, documents regarding the locations and amounts of purchases made by Melissa and Laura on June 30 are necessary because there are

5

discrepancies regarding when they were with Arthur at the hospital on that day. According to Christus, the records may reveal when Melissa and Laura were with Arthur on June 30, allowing Christus to more clearly define what events they may have witnessed. Christus's attorney argues that without the records, he cannot create a timeline showing the times Melissa and Laura were with Arthur at the hospital. In support of its argument, Christus utilized the discovery it had obtained from Arthur's family members to demonstrate that their testimony about when Laura and Melissa were with Arthur at the hospital is not entirely consistent; however, the testimony is consistent in showing that Laura and Melissa were with Arthur at various times after his cardiac catheterization concluded. Nonetheless, they were not with Arthur during the entire day at issue.

"Mandamus relief is appropriate only if the trial court abused its discretion or violated a legal duty, and there is no adequate remedy at law, such as an appeal." *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding). A party to a lawsuit is allowed to discover matters that are relevant to the subject matter of the litigation. *See* Tex. R. Civ. P. 192.3(a) (allowing discovery of matters that are not privileged and that are relevant to the subject matter of the pending action). The trial court may allow discovery of documents that "contain matters relevant to the subject matter of the action." Tex. R. Civ. P. 192.3(b). "Although

the scope of discovery is broad, requests must show a reasonable expectation of obtaining information that will aid the dispute's resolution." *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding). Consequently, the trial court can require that discovery requests be reasonably tailored "to include only relevant matters." *Id.*

"It is the discovery proponent's burden to demonstrate that the requested documents fall within the scope-of-discovery of Rule 192.3." *In re TIG Ins. Co.*, 172 S.W.3d 160, 167 (Tex. App.—Beaumont 2005, orig. proceeding). Here, based on the allegations made in the Lowes' pleadings, it appears that Christus has a reasonable need to discover when Melissa and Laura were in Arthur's room after he returned from his cardiac catheterization, which was around noon. While Christus has shown a reasonable expectation that records of purchases and phone calls made on June 30 might pin down the times Laura and Melissa were in Arthur's hospital room after his heart was catheterized, the request at issue seeks production of records covering a twenty-four hour period, including approximately twelve hours before either Melissa or Laura claims to have initially arrived at Christus on June 30. Thus, the request was not limited in time to the records relevant to the time period in dispute, the period after Arthur's catheterization. Nor has Christus demonstrated that documents reflecting purchases or calls made

7

before Arthur's heart was catheterized are documents that will aid in the resolution of the disputed facts. Because the request could have been more narrowly tailored and Christus's request for purchase and phone records was overly broad, we hold that the trial court did not abuse its discretion by denying Christus's motion to compel the Lowes to produce all documents reflecting Laura's and Melissa's purchases and calls made on June 30, 2009. *See CSX Corp.*, 124 S.W.3d at 152 ("Generally, the scope of discovery is within the trial court's discretion.")

While the trial court could have narrowed Christus's request so that the information to be produced would have been relevant to the time period at issue, the trial court did not abuse its discretion by not doing so. "The burden to propound discovery complying with the rules of discovery should be on the party propounding the discovery, and not on the courts to redraft overly broad discovery so that, as re-drawn by the court, the requests comply with the discovery rules." *TIG Ins. Co.*, 172 S.W.3d at 168.

The other request at issue in this mandamus proceeding asked the Lowes to produce "[p]hotocopies of postings by any plaintiff pertaining to Arthur Lowe or his death on Facebook or any other social media site." The Lowes objected that "[s]uch request is an invasion of privacy and any such information would be

8

unreliable and constitute hearsay and a fishing expedition and this request is meant for the purpose of harassment."

With respect to request for copies of posts regarding Arthur before he died, the request is not limited in time. While the time period of relevant discovery while Arthur was alive may be broad, it is not unlimited. "Discovery orders requiring document production from an unreasonably long time period . . . are impermissibly overbroad." *CSX Corp.*, 124 S.W.3d at 152 (citing *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding) (concluding that a discovery order was overly broad by requiring production of "virtually all documents regarding its products for a fifty-year period")); *see also In re Deere & Co.*, 299 S.W.3d 819, 821 (Tex. 2009) (orig. proceeding) (noting that where requests to produce had no limitation on time, trial court abused its discretion by neglecting to set a reasonable time limit). While one of the plaintiffs indicated in her deposition that she had placed posts about Arthur on a social media site, the request at issue in this proceeding was not limited to those posts, nor was it limited to the period after Arthur's death. While the Lowes are seeking damages for their mental anguish, and the statements the Lowes made about Arthur's death are within the general scope of discovery, the Lowes did not establish that they had an expectation of privacy in their statements on social media sites. Nevertheless, a request without a

9

time limit for posts is overly broad on its face. We conclude the trial court did not abuse its discretion by denying the request for posts because it was unlimited in time.

In summary, we hold the trial court did not abuse its discretion by denying Christus's motion to compel responses to the two requests at issue. Christus's petition is denied.

PETITION DENIED.

PER CURIAM

Submitted on November 26, 2012
Opinion Delivered March 28, 2013
Before McKeithen, C.J., Kreger and Horton, JJ.

10