**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00247-CV**

_____

**IN RE AWC FRAC VALVES INC.**

_____

**Original Proceeding**

_____

**MEMORANDUM OPINION**

In this discovery dispute, which arises in a case involving alleged breaches of a noncompetition agreement, we are asked to address whether the trial court abused its discretion by denying Relator's motion to compel answers to discovery requests.[1] The discovery at issue concerns discovery that Relator served on two individuals and a corporation who are allegedly competing with Relator in ways

_____

[1]Relator, who is the plaintiff in the trial court, moved to strike the response the real parties in interest filed to the petition for mandamus because the response was joined by others who were not served with the discovery requests at issue. Relator has not shown that the response has been filed by a party that is not interested in the outcome of the mandamus petition. Accordingly, we deny Relator's motion to strike.

1

that violate the terms of a noncompetition agreement between Relator and its former chief operating officer.

Because some of the discovery requests at issue could have been more narrowly tailored to the issues in dispute, we conclude the trial court did not abuse its discretion in denying some of Relator's discovery requests. We also conclude that some of the challenged requests are narrowly tailored to the issues in dispute, and with respect to these requests, we conclude the trial court abused its discretion by denying Relator discovery on them. Therefore, having considered each of the trial court's rulings, we conditionally grant Relator partial relief.

## Background

AWC sued Richard T. Mitchell and five other defendants, Eagle Oilfield Enterprises, Inc., Lockheed Sales & Rentals, Inc., Apache Machining Solutions Inc., Jose Antonio Flores, and Jeffrey Vawter claiming that Mitchell, along with the other defendants, were violating the terms of its noncompetition agreement with Mitchell. According to AWC, after Mitchell (AWC's founder and former owner), Flores (AWC's former shop manager), and Vawter (AWC's former quality assurance inspector) formed Apache in March 2012, Apache began "competing with AWC and soliciting its customers." AWC alleges that Mitchell, in breach of his noncompetition agreement, funded Apache through Eagle, Lockheed, and other

corporations that he controlled. It also alleges that Mitchell's companies, Eagle and Lockheed ("the Mitchell defendants"), together with Apache, Flores and Vawter ("the Apache defendants"), tortiously interfered with AWC's non-competition agreement with Mitchell by concealing Mitchell's involvement in Apache from it. AWC sued for actual damages, punitive damages, and injunctive relief. According to AWC, the discovery requests at issue are relevant either to its right to recover or to proving the extent the defendants' conduct caused it to suffer damages.

Standards and Guidelines

The law governing the issue of the scope of discovery is well established. "Parties are 'entitled to full, fair discovery' and to have their cases decided on the merits." *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009) (quoting *Able Supply Co. v. Moye*, 898 S.W.2d 766, 773 (Tex. 1995) (orig. proceeding)). "A trial court abuses its discretion when it denies discovery going to the heart of a party's case or when that denial severely compromises a party's ability to present a viable defense." *Id.*

The Texas Rules of Civil Procedure define the general scope of discovery for both interrogatories and requests for production. *See* Tex. R. Civ. P. 192.3(a), (b) (allowing requests for documents with respect to matters that are not privileged and that are relevant to the subject matter of the pending action); Tex. R. Civ. P.

3

197.1 (allowing interrogatories on matters within the scope of discovery). "In general, a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." Tex. R. Civ. P. 192.3(a). Rule 197.1 states:

> An interrogatory may inquire whether a party makes a specific legal or factual contention and may ask the responding party to state the legal theories and to describe in general the factual bases for the party's claims or defenses, but interrogatories may not be used to require the responding party to marshal all of its available proof or the proof the party intends to offer at trial.

Tex. R. Civ. P. 197.1.

"Although the scope of discovery is broad, requests must show a reasonable expectation of obtaining information that will aid the dispute's resolution." *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding). Consequently, "requests must be reasonably tailored to include only matters relevant to the case." *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding). "The trial court must make an effort to impose reasonable discovery limits." *Id.* "It is the discovery proponent's burden to demonstrate that the requested documents fall within the scope-of-discovery of Rule 192.3." *In re TIG Ins. Co.*, 172 S.W.3d 160, 167 (Tex. App.—Beaumont 2005, orig. proceeding). As a result, the trial court has the discretion to refuse to compel discovery if it determines that the

4

information being requested would require the responding party to include matters that are unlikely to fall within the scope of discovery permissible under the rules of procedure. *See In re Christus Health Se. Tex.*, No. 09-12-00538-CV, 2013 WL 1247680, at *4 (Tex. App.—Beaumont Mar. 28, 2013, orig. proceeding).

Transfers of Funds and Property

AWC argues that the trial court abused its discretion by refusing to compel the Apache defendants to answer discovery that it needed to uncover evidence that Mitchell funded Apache so that it could compete with AWC. The discovery requests that AWC argues are relevant to Apache's funding asked:[2]

- [Interrogatory Number 9 to Flores and to Vawter:] Identify all sums of money that Richard Mitchell has loaned or given to you, whether directly or indirectly through another individual or entity. Include in your answer: the amount of each sum identified; the date on which the sum was loaned or gifted; the purpose for which the sum was loaned or gifted; the bank account (including the name of the bank, account title, and account number) from which the sum was drawn; the manner in which the sum was transferred

[2]For the discovery requests at issue in this mandamus proceeding, AWC presented separate, identical requests to Flores and Vawter. Interrogatory nine to Apache is similar but not identical to interrogatory twelve to Flores and Vawter Interrogatory sixteen to Apache is identical to interrogatory nineteen to Flores and Vawter. AWC's Request for Production thirteen concerns the subject matter of interrogatory nine. AWC's request fifteen to Apache corresponds to request twenty to Flores and Vawter, and request twenty-eight to Apache corresponds to request twenty-nine to Flores and Vawter. AWC's request twenty-nine to Apache corresponds to request thirty to Flores and Vawter. Because AWC served similar requests on various defendants, we distinguish between similar requests that AWC served on various defendants only where necessary.

5

(*e.g.* cash, check, cashier's check); the identity of the individual or entity that loaned or gifted the sum; and the identity of the individual or entity that received the sum.

- [Interrogatory No. 9 to Apache:] Identify all equipment or other property (including real property) that Richard Mitchell has bought for, loaned or given to, rented for, or otherwise transferred to Apache (including its officers, directors, employees, agents, and representatives) whether directly or indirectly through another individual or entity. Include in your answer: a description of each piece of equipment or property identified; the approximate value of the equipment or property; the date the loan, gift, rental, or transfer was made; the identity of the individual or entity that loaned, gifted, rented, or transferred the equipment or property; and the identity of the individual or entity that received the equipment or property.

- [Request for Production No. 15 to Apache:] Produce all documents evidencing or relating to any equipment or property identified in your answer to Interrogatory No. 9.

With respect to Flores and Vawter, interrogatory number nine contains no limit in time, nor is the interrogatory limited to funds that Flores and Vawter used to form Apache or to conduct Apache's business. For example, interrogatory nine would require Flores and Vawter to divulge information about loans or gifts from at least 2006, the date that Flores was hired by AWC, a date well before Apache existed.

AWC argues it need not limit its requests because Mitchell asserts that he made interest-free loans to Flores before Apache existed. In his answer, Mitchell

alleges that he loaned money to Flores in the past, and he agreed to make a no-interest loan to Flores when AWC fired Flores because Flores refused to sign AWC's non-competition agreement. Nevertheless, interrogatory nine also requires Flores and Vawter to disclose information about gifts that Flores and Vawter received from Mitchell, and AWC has not shown that Mitchell is relying on a claim that he gave Flores and Vawter gifts before Apache existed to explain any donations after Apache was formed. Therefore, the trial court could reasonably conclude that interrogatory nine to Flores and Vawter could have been more narrowly tailored to require responses that would not include matters irrelevant to the case. *See Christus Health*, 2013 WL 1247680, at *4. Since the trial court could reasonably conclude that interrogatory nine sought information that was in part irrelevant, and because it was not the trial court's duty to frame proper discovery requests, it was not an abuse of discretion to deny AWC's motion to compel. *In re TIG Ins. Co.*, 172 S.W.3d at 168 (noting that the burden to propound discovery requests that comply with the rules of discovery should be on the party propounding the discovery, not the courts).

The absence of a stated time frame creating a problem of breadth with regard to interrogatory nine served on Vawter and Flores is not a concern with respect to interrogatory nine served on Apache. Although interrogatory nine to Apache also

7

fails to state a time frame, the period of inquiry is limited. Apache did not exist before March 2012; therefore, as phrased, AWC has not required Apache in answering interrogatory nine to provide information to it about matters that occurred before Apache existed. The fact that there was no end date of the period of inquiry also fails to make the interrogatory overly broad. When Apache responded to AWC's discovery, Mitchell was still subject to the terms of his noncompetition agreement with AWC. Thus, with respect to interrogatory nine to Apache, the inquiry seeks information that is within the scope of discovery and relevant to the parties' dispute.

Although AWC's request for production number fifteen to Apache contains no specific dates, it is likewise limited in time, considering the date that Apache was created. In summary, the information AWC requested that Apache provide in interrogatory nine and request fifteen is information that is relevant and goes to the heart of the parties' dispute. We conclude the trial court erred in denying AWC's motion to compel Apache to respond to interrogatory nine and to request fifteen.

Similarly, interrogatory twelve to Flores and interrogatory twelve to Vawter seek to discover the same information as sought in interrogatory nine to Apache. Requests twenty to Flores and Vawter seek the same documents as AWC request fifteen seeks from Apache. These discovery requests, like the ones to Apache we

8

have just discussed, are necessarily limited to the period of time after Apache was formed. Therefore, we also conclude the trial court erred in denying AWC's motion to compel Flores and Vawter to respond to interrogatory twelve and request twenty.

In summary, we conclude the trial court did not abuse its discretion by refusing to compel Vawter and Flores to answer interrogatory nine. However, we conclude the trial court abused its discretion by refusing to compel Apache's response to interrogatory nine and request fifteen, and by refusing to compel Flores' and Vawter's responses to interrogatory twelve and request twenty.

Business Operations

AWC also complains that the trial court refused to compel Apache to respond to discovery relating to Apache's business operations. Apache objected that AWC's requests were overly broad and not reasonably calculated to lead to the discovery of admissible evidence. With respect to Apache's business operations, AWC's discovery asks that Apache:

- [Interrogatory No. 12 to Apache:] Identify all sales of products or services, including, without limitation, repair services, made by Apache since its inception, including but not limited to the buyer, date of sale, product/service that was sold, and amount of sale.

- [Request for Production 21 to Apache:] Produce all documents, including, without limitation, bids, quotes, purchase orders,

9

invoices, and related documents, evidencing or relating to the sales identified in your answer to Interrogatory No. 12.

Request twenty-one asks Apache to produce information regarding all sales or services by Apache since its inception. However, Mitchell's noncompetition agreement does not prohibit Apache from being in any business; the noncompetition agreement describes AWC's business as "the manufacture, repair, sale and testing of frac valves and the rental to third parties of 'frac stack' valves." Even if the areas of the businesses of AWC and Apache may overlap in some respects, we conclude that request twenty-one is overly broad because it asks that Apache produce documents in areas of business that differ from those defined by Mitchell's noncompetition agreement.

On this record, the trial court could reasonably conclude that both interrogatory twelve and request twenty-one would require Apache to provide information about its business in areas that were not relevant to Mitchell's noncompetition agreement. *See In re TIG Ins. Co.*, 172 S.W.3d at 168. AWC argues it needs this information to prove at trial that Apache is competing against AWC, but the trial court could reasonably conclude that AWC is aware of the products and services that it provides and that it could have more narrowly tailored its discovery to limit Apache's obligation to provide information in areas consistent with AWC's business, as identified in Mitchell's noncompetition

10

agreement. We conclude the trial court had the discretion to require AWC to more narrowly tailor interrogatory twelve and request twenty-one.

Net Worth

Apache, Vawter and Flores have not disputed that net worth evidence is relevant to this lawsuit and discoverable; instead, after AWC filed its petition for mandamus, Apache withdrew its objection to answering AWC's net worth interrogatories. However, it appears that Apache, Vawter and Flores have still not provided their respective responses to the net worth interrogatories. Because the Apache defendants have not shown that they complied with AWC's attempt to discover their net worth, the issue regarding the discovery on their net worth is not moot.

We note that AWC's petition asserts claims that the defendants acted with malice; a finding of malice could provide support, depending on the jury's other findings, for an award of punitive damages. *See* Tex. Civ. Prac. & Rem. Code § 41.003(a)(2) (West Supp. 2012); *Lunsford v. Morris*, 746 S.W.2d 471, 473 (Tex. 1988) (orig. proceeding) (noting that there is not an evidentiary threshold that a litigant must cross before seeking discovery concerning net worth). Interrogatory sixteen asked that Apache:

11

- [Interrogatory No. 16 to Apache:] State your current net worth and describe the method by which the sum provided in your answer was calculated.

Interrogatory sixteen to Apache is identical to interrogatory nineteen to Flores and Vawter. AWC also served Apache with two requests regarding documents addressing Apache's net worth:

- [Request for Production 28 to Apache:] Produce all documents that you relied on or referred to in calculating your answer to Interrogatory No. 16.

- [Request for Production 29 to Apache:] Produce summary documents evidencing Apache's net worth.

Identical requests were made to Flores and Vawter.

Evidence of current net worth is discoverable in a case in which punitive or exemplary damages may be awarded. *Lunsford*, 746 S.W.2d at 473. Because discovery of the net worth is within the scope of discovery governing the parties' dispute, we conclude the trial court abused its discretion by failing to compel answers to interrogatories sixteen (Apache) and nineteen (Vawter and Flores).

However, the requests that AWC served on the Apache defendants regarding documentation of their net worth are broad enough to include documents that are not discoverable, such as tax returns. *See In re Garth*, 214 S.W.3d 190, 194 (Tex. App.—Beaumont 2007, orig. proceeding [mand. dism'd]) (noting that trial court

12

exceeded its authority regarding discovery matter that involved a defendant's net worth by ordering production of tax returns, income statements, bank statements, insurance applications, contracts of assignment, accounts receivable, data, inventory lists, and judgments). Because requests twenty-eight and twenty-nine to Apache and corresponding requests twenty-nine and thirty to Flores and Vawter could have been more narrowly tailored, the trial court's decision to deny AWC's motion to compel responses to AWC's request for production was not an abuse of discretion. *See id.*; *Christus Health*, 2013 WL 1247680, at *4.

## No Adequate Remedy

Mandamus relief may be granted when the denial of discovery goes to the heart of a party's case or severely compromises a party's ability to present any case at trial. *In re Allied Chem. Corp.*, 227 S.W.3d 652, 658 (Tex. 2007). The discovery the defendants must answer goes to the heart of AWC's claim that the defendants engaged in a conspiracy to assist Mitchell in violating his noncompetition agreement. AWC could also discover each defendant's net worth, to give the jury guidance in the event it chose to return an award of exemplary damages. *See* Tex. Civ. Prac. & Rem. Code Ann. § 41.003; *Lunsford*, 746 S.W.2d at 473.

In summary, we conditionally grant AWC's petition in part and we deny its petition in part. We conclude that the trial court should have compelled responses

13

to request for production fifteen to Apache, interrogatory nine and sixteen to Apache, request for production twenty to Flores, interrogatory twelve and nineteen to Flores, request for production twenty to Vawter, and interrogatory twelve and nineteen to Vawter. Nevertheless, we are confident the trial court will require responses to these requests for discovery and that it will vacate that part of its order of April 3, 2013, denying AWC any discovery on these requests. With respect to the relief conditionally granted herein, the writ shall issue only if the trial court fails to act promptly in accord with this opinion. All of the other matters on which the parties have requested that we grant either temporary or mandamus relief are denied.

PETITION DENIED IN PART; CONDITIONALLY GRANTED IN PART.


PER CURIAM


Submitted on June 7, 2013
Opinion Delivered August 15, 2013
Before McKeithen, C.J., Gaultney and Horton, JJ.