In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00405-CV**

_____

**IN RE INDECO SALES, INC. AND JEROME J. WRIGHT JR.**

_____

**Original Proceeding**

_____

**MEMORANDUM OPINION**

In this mandamus proceeding filed by Indeco Sales, Inc. and Jerome J. Wright Jr., we must decide whether the 253rd District Court of Liberty County abused its discretion by granting the plaintiff's motion for protection and by denying the defendants' motion to compel (1) production of the plaintiff's cell phone and a forensic examination and data extraction of the plaintiff's cell phone, and (2) production of information, data, posts, and conversations from the plaintiff's Facebook page. We temporarily stayed the trial of the case and requested a response from the real party in interest, Cristen Purswell. After reviewing the mandamus petition, the response, and the records submitted by the

parties, and considering the applicable rules and law, we conclude that the trial court did not abuse its discretion because the particular requests were overly broad and could have been more narrowly tailored. Accordingly, we lift our stay order and deny Relators' petition for writ of mandamus.

"Parties are 'entitled to full, fair discovery' and to have their cases decided on the merits." *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009) (quoting *Able Supply Co. v. Moye*, 898 S.W.2d 766, 773 (Tex. 1995) (orig. proceeding)). "A trial court abuses its discretion when it denies discovery going to the heart of a party's case or when that denial severely compromises a party's ability to present a viable defense." *Id.* But, the trial court may refuse to compel discovery of information that "would require the responding party to include matters that are unlikely to fall within the scope of discovery permissible under the rules of procedure." *In re AWC Frac Valves Inc.*, No. 09-13-00247-CV, 2013 WL 4314377, at *2 (Tex. App.—Beaumont Aug. 15, 2013, orig. proceeding) (mem. op.). The trial court has the discretion to deny a request if it is an overly broad discovery request that it determines could have been more narrowly tailored to include only relevant matters or should have been limited in time and scope. *In re Christus Health Se. Tex.*, 399 S.W.3d 343, 347 (Tex. App.—Beaumont 2013, orig. proceeding); *see* Tex. R. Civ. P. 192.3.

Cristen Purswell sued Relators for personal injuries that Purswell alleges she sustained in a motor vehicle accident that occurred on August 23, 2013. Her pleading includes allegations that her damages include past and future physical pain and suffering, mental anguish, disfigurement, physical impairment, medical expenses, loss of earning capacity, and loss of household services.

Requests For Production Regarding Facebook Items

The disputed Requests For Production pertain to the following requests that Relators sent to Purswell:

(1) A color copy of any and all photographs and/or videos of you (whether alone or accompanied by others) posted on your Facebook page(s)/account(s) since the date of the accident on August 23, 2013.

(2) A color copy of all Facebook posts, Facebook messages and/or Facebook chat conversations, other than those protected by the attorney-client privilege, authored, sent or received, and/or otherwise entered into by you since August 23, 2013.

(3) A color copy of any and all photographs and/or videos of you (whether alone or accompanied by others) posted on your Facebook page(s)/account(s) prior to August 23, 2013.

(4) A color copy of all Facebook posts, Facebook messages and/or Facebook chat conversations, other than those protected by the attorney-client privilege, authored, sent or received, and/or otherwise entered into by you prior to August 23, 2013.

Relators argue they limited their first request to photographs and videos depicting Purswell after the date of the accident and that should be sufficiently

narrow and Purswell should be compelled to respond. But, the request on its face requests that Purswell produce every photograph and video <u>posted</u> since the date of the accident regardless of when the photograph was taken or created. Their second request requires that Purswell produce every post, message or chat conversation authored, sent, or received by her, no matter how mundane or remote, regardless of the topic, content, or subject, includes everything anyone sent or posted to her account. Although limited to posts made or received after the date of the accident, there is no limit on the scope of the request or the subject matter of the post. The third and fourth requests ask for every photograph, video, post, message, or chat conversation posted <u>before</u> the date of the accident, and are unlimited as to scope, topic, content, and subject. Accordingly, the trial court could reasonably conclude that each of the requests for production were overly broad. *See In re Christus Health Se. Tex.*, 399 S.W.3d at 347. Therefore, the trial court did not abuse its discretion when it denied Relators' motion to compel production of information from Purswell's Facebook account.

<u>Request For Production of Cell Phone</u>

The trial court also denied Relators' request for production to Purswell requesting that Purswell produce her cell phone to the defendant for a forensic

4

examination. In the cell phone request Relators state that they want her phone for a forensic examination to extract data of:

(1) Currently stored and deleted photographs depicting Plaintiff subsequent to the accident.

(2) Currently stored and deleted videotapes depicting Plaintiff subsequent to the accident.

(3) Currently stored and deleted text messages referencing or reflecting Plaintiff's alleged depression, anxiety, injuries, memory or cognition problems, frustration, irritability and withdrawal from family, friends, work and school.

(4) Currently stored and deleted e-mails referencing or reflecting Plaintiff's alleged depression, anxiety, injuries, memory or cognition problems, frustration, irritability and withdrawal from family, friends, work and school.

(5) Currently stored and deleted audio recordings referencing or reflecting Plaintiff's alleged depression, anxiety, injuries, memory or cognition problems, frustration, irritability and withdrawal from family, friends, work and school.

(6) Currently stored and deleted electronic postings referencing or reflecting Plaintiff's alleged depression, anxiety, injuries, memory or cognition problems, frustration, irritability and withdrawal from family, friends, work and school.

(7) Currently stored and deleted electronic communications referencing or reflecting Plaintiff's alleged depression, anxiety, injuries, memory or cognition problems, frustration, irritability and withdrawal from family, friends, work and school.

(8) Currently stored and deleted electronic data referencing or reflecting Plaintiff's alleged depression, anxiety, injuries, memory or

cognition problems, frustration, irritability and withdrawal from family, friends, work and school.

(9) Currently stored and deleted text messages referencing or reflecting Plaintiff engaged in social activities with family and friends since the date of the accident made the basis of this suit, including parties, dinners, shopping, church, concerts, traveling, appointments, meetings and gatherings.

(10) Currently stored and deleted e-mails referencing or reflecting Plaintiff engaged in social activities with family and friends since the date of the accident made the basis of this suit, including parties, dinners, shopping, church, concerts, traveling, appointments, meetings and gatherings.

(11) Currently stored and deleted audio recordings referencing or reflecting Plaintiff engaged in social activities with family and friends since the date of the accident made the basis of this suit, including parties, dinners, shopping, church, concerts, traveling, appointments, meetings and gatherings.

(12) Currently stored and deleted electronic postings referencing or reflecting Plaintiff engaged in social activities with family and friends since the date of the accident made the basis of this suit, including parties, dinners, shopping, church, concerts, traveling, appointments, meetings and gatherings.

(13) Currently stored and deleted communications referencing or reflecting Plaintiff engaged in social activities with family and friends since the date of the accident made the basis of this suit, including parties, dinners, shopping, church, concerts, traveling, appointments, meetings and gatherings.

(14) Currently stored and deleted electronic data referencing or reflecting Plaintiff engaged in social activities with family and friends since the date of the accident made the basis of this suit, including parties, dinners, shopping, church, concerts, traveling, appointments, meetings and gatherings.

6

(15) Currently stored and deleted text messages referencing the present lawsuit.

(16) Currently stored and deleted e-mails referencing the present lawsuit.

(17) Currently stored and deleted audio recordings referencing the present lawsuit.

(18) Currently stored and deleted electronic postings referencing the present lawsuit.

(19) Currently stored and deleted electronic communications referencing the present lawsuit.

(20) Currently stored and deleted electronic data referencing or relating to the present lawsuit.

(21) Currently stored and deleted entries and postings to Plaintiff's calendar since the accident.

At the hearing on the motion for protection and motion to compel, the trial court noted that other means of obtaining the information would be less intrusive. The trial court instructed Relators to make tailored requests, and to return to the trial court if they could not reach an agreement with Purswell on requests for specific relevant and discoverable information. Undoubtedly, there are many ways for the defendants to propound narrow requests for relevant items without requiring the plaintiff to produce her cell phone for a forensic examination in this personal injury suit.

7

"To obtain discovery of data or information that exists in electronic or magnetic form, the requesting party must specifically request production of electronic or magnetic data and specify the form in which the requesting party wants it produced." Tex. R. Civ. P. 196.4. "Rule 196.4 requires specificity[.]" *In re Weekley Homes*, 295 S.W.3d 309, 314 (Tex. 2009). "[R]equests must be reasonably tailored to include only matters relevant to the case." *In re American Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding). Rule 192.3 provides that a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action. *See* Tex. R. Civ. P. 192.3. However, the rules are not an invitation for the other party to engage in a fishing expedition in hopes of finding some piece of information solely for impeachment purposes. *See K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996). The trial court could have reasonably determined that Relators' requests were overly broad and that the requested production of the cell phone and forensic examination of the cell phone would be overbroad, not properly limited in time and scope, and constituted an unwarranted intrusion. *See Weekley*, 295 S.W.3d at 322; *In re Christus Health Se. Tex.*, 399 S.W.3d at 347. The trial court had no obligation to redraft the discovery requests for the requesting party. *Christus Health*, 399 S.W.3d at 347; *see also In re TIG Ins. Co.*, 172 S.W.3d 160,

8

168 (Tex. App—Beaumont 2005, orig. proceeding). Because Relators failed to establish that the trial court abused its discretion, we lift our stay order and deny Relators' petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on September 23, 2014
Opinion Delivered October 30, 2014

Before McKeithen, C.J., Horton and Johnson, JJ.

9