**CONDITIONALLY GRANT and Opinion Filed April 5, 2023**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00014-CV

## IN RE INSIGHT NEURODIAGNOSTICS, LLC AND LIFESCIENCES IMAGING PARTNERS, LLC, Relators

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-11372**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Miskel
Opinion by Justice Nowell

In this original proceeding, relators Insight Neurodiagnostics, LLC and Lifesciences Imaging Partners, LLC seek mandamus relief from the trial court's December 14, 2022 order granting real party in interest Darnell Jones's motion to compel production of certain documents. After reviewing the petition, response, reply, and the record, we conclude the discovery requests are overly broad; therefore, we conditionally grant mandamus relief.

## Background

### A. The Underlying Lawsuit

The underlying suit involves disputes arising from Jones's former employment with Insight. Jones alleges that on March 6, 2018, Insight offered him a full-time job as the company's "Vice President of Sales and DME Operations." In addition to his annual salary, the offer letter indicated a commission plan would be established within the first thirty days of his employment and take effect ninety days from his start date. The commission structure, however, was never implemented.

During his first nine months of employment, Jones's responsibilities increased beyond his original job duties, and his efforts helped grow Insight's business. Stephen Broussard, one of Insight's owners, approached Jones about becoming an equal partner. Broussard agreed to make Jones a 50/50 partner and split the profits Insight received from the use of its electroencephalogram (EEG) machines. In return, Jones agreed to market and grow the EEG testing business.

Though Jones contends he focused his efforts on growing the business, he was never paid half of the profits realized from use of the EEG machines. He repeatedly asked about his compensation, but instead of addressing his concerns, Insight fired him on March 27, 2019. Jones subsequently filed suit for breach of contract, breach of partnership agreement, quantum meruit, fraud, constructive trust, and negligent misrepresentation.

In response, Lifesciences (Insight's parent company) filed a counterclaim against Jones for breach of contract and quantum meruit alleging Jones misrepresented that he had the knowledge and experience necessary to fulfill his job duties. Further, Lifesciences claimed that instead of devoting his full time and attention to his duties with Lifesciences, Jones promoted and built other business ventures.

In its counterclaim, Lifesciences alleged it performed an audit and discovered Jones failed to pay portions of his health plan costs from June 1, 2018, through December 2018 totaling $17,286.72. After a discussion of the deficiency, Jones agreed to repay his outstanding portion through future paycheck deductions. At the time of his termination, Jones still owed $2,582.82 in outstanding costs.

On October 4, 2022, Jones filed a motion to compel production of financial records from Insight and Lifesciences. The following requests are relevant to this mandamus proceeding:

> **Request for Production No. 11**: All financial records of Insight and Life Sciences from 2018 to the present, including all profit and loss statements, general ledgers, and tax returns.

> **Request for Production No. 13**: All documents reflecting any monetary amounts collected by Lifesciences' electroencephalogram (EEG) business from 2018 to the present.

The trial court held a hearing on December 14, 2022, and subsequently granted Jones's motion to compel. The order directed Insight and Lifesciences to produce the requested documents by 5 p.m. on January 6, 2023.

## B. The Mandamus Proceeding

Insight and Lifesciences filed a petition for writ of mandamus on January 4, 2023, arguing the trial court abused its discretion by ordering production of financial documents. They contend the document requests (1) are wholly irrelevant, overly broad, and constitute a fishing expedition, (2) are tantamount to net worth discovery when the requesting party did not seek exemplary damages, and (3) seek tax returns for which Jones did not meet his burden under the heightened standard for discovery of tax returns. We granted a stay of the order pending resolution of this original proceeding and requested a response.

Jones filed a response contending (1) the discovery requests apply only to his tenure with Insight and Lifesciences because he clarified at the motion to compel hearing he was seeking financial records only for the one year he was employed; (2) relators offered no evidence to support their objections; and (3) the requested information is relevant because he is seeking information about the business generated and money collected from the accounts he managed when he was employed, not documents regarding net worth. Jones further insisted Insight and Lifesciences have an adequate remedy by appeal because they would not lose any legal right or ability to prepare their case by being compelled to produce the requested financial documents.

In their reply, Insight and Lifesciences asserted the requests at issue broadly seek "all financial records" and "all documents reflecting monetary amounts

–4–

collected," without limitation to information involving Jones. They also emphasized the discovery requests expressly sought information for a period exceeding five years, not Jones's one year of employment. Finally, they asserted a remedy by appeal is inadequate when a discovery order impermissibly compels production of patently irrelevant or duplicative documents.

### Standard of Review and Applicable Law

To be entitled to mandamus relief, a relator must demonstrate the trial court clearly abused its discretion, and the relator has no adequate remedy by appeal. *In re Lee*, 411 S.W.3d 445, 463 (Tex. 2013) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Cap. Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

"A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy." *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 223–24 (Tex. 2016) (orig. proceeding). Our procedural rules define the general scope of discovery as any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information sought is "reasonably calculated to lead to the discovery of admissible evidence." *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig.

–5–

proceeding) (per curiam) (quoting TEX. R. CIV. P. 192.3(a)). What is "relevant to the subject matter" is to be broadly construed. *In re Nat'l Lloyds*, 507 S.W.3d at 223.

These liberal bounds, however, have limits, and "discovery requests must not be overbroad." *Id.* A request is not overly broad "so long as it is 'reasonably tailored to include only matters relevant to the case.'" *Id.* (quoting *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (orig. proceeding) (per curiam)). A central consideration in determining overbreadth is whether the request could have been more narrowly tailored to avoid including tenuous information and still obtain the necessary, pertinent information. *In re CSX, Corp.*, 124 S.W.3d at 153. Discovery orders requiring document production from an unreasonably long time period or extending to a time period during which a plaintiff did not work with a company are impermissibly overbroad. *See, e.g.*, *id.*; *Texaco, Inc.*, 898 S.W.2d at 815; *see also In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding) (conditionally granting writ because "order neglected to limit discovery to a reasonable time period"); *In re Alford Chevrolet–Geo*, 997 S.W.2d 173, 180 n.1 (Tex. 1999) (orig. proceeding) (noting court has repeatedly found a discovery request overly broad and irrelevant when the request "encompass[es] [a] time period . . . beyond that at issue in the case").

## Analysis

Insight and Lifesciences first argue the trial court abused its discretion by ordering production of financial documents that (1) are wholly irrelevant, overly broad, and constitute a fishing expedition because the requests at issue seek "all financial records" and "all documents reflecting monetary amounts collected," without being limited to information related to the accounts Jones or his representatives managed. We agree.

The requests make a sweeping query for "[a]ll financial records of Insight and Life Sciences" and "[a]ll documents reflecting any monetary amounts collected by Lifesciences' electroencephalogram (EEG) business." These requests could cover financial information that does not involve Jones. Because these requests are not "reasonably tailored to include only matters relevant to the case," they are overly broad. *In re Nat'l Lloyds*, 507 S.W.3d at 223.

Insight and Lifesciences next argue the requests are overly broad because they seek documents for five years, rather than limiting the requests to the time Jones was employed. We agree. The requests are impermissibly broad because they extend into a time period during which Jones did not work with Insight or Lifesciences. *See, e.g.*, *In re CSX Corp.*, 124 S.W.3d at 152; *Texaco, Inc.*, 898 S.W.2d at 815; *see also In re Alford Chevrolet–Geo*, 997 S.W.2d at 180 n.1. Both requests seek documents "from 2018 to the present"; however, Jones was employed from March 6, 2018 to March 27, 2019.

Jones argues he clarified during the motion to compel hearing that "the request should be limited to the time when Mr. Jones was employed [with] the business, which was March 2018 to March 2019." However, the requests as currently drafted and the discovery order do not reflect such a limitation. It is not this Court's responsibility to remedy this defect. "The burden to propound discovery complying with the rules of discovery should be on the party propounding the discovery, and not on the courts to redraft overly broad discovery so that, as re-drawn by the court, the requests comply with the discovery rules." *In re Master Flo Valve Inc.*, 485 S.W.3d 207, 214 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding).

The requests at issue impermissibly seek information for four years beyond the applicable time period of Jones's employment. Because his requests are not reasonably tailored to his period of employment, they are impermissibly broad.

To the extent Insight and Lifesciences argue the trial court abused its discretion by ordering production of financial documents because they are sought to support a damages model for a commission agreement that never existed, they fail to recognize Jones asserted a quantum meruit claim for the commissions he should have earned. Breach of contract and quantum meruit are different claims requiring proof of different elements. *Tarrant Reg'l Water Dist. v. Gragg*, 151 S.W.3d 546, 557 (Tex. 2004).

We also reject Insight and Lifesciences's assertions that the requested documents are irrelevant because Insight did not employ Jones. Jones alleges he

–8–

worked for Insight; therefore, the requested information from Insight is relevant to his claims against it and could aid in the resolution of disputed facts, regardless of Insight's understanding of the facts. *Contra In re Christus Health Se. Tex*., 399 S.W.3d 343, 347 (Tex. App.—Beaumont 2013, orig. proceeding) (concluding document request was not limited to relevant time period in dispute and relator failed to demonstrate documents would aid in resolution of disputed facts).

We next consider whether Jones is entitled to discovery of tax returns. Tax returns are treated differently from other types of financial records. *In re Potashnik*, No. 05-19-01188-CV, 2020 WL 1933796, at *3 (Tex. App.—Dallas Apr. 22, 2020, orig. proceeding) (mem. op.). Federal income tax returns are considered private, and the protection of that privacy is of constitutional importance. *Id.* (citing *Maresca v. Marks*, 362 S.W.2d 299, 301 (Tex. 1962)). Thus, federal income tax returns are not material if the same information can be obtained from another source. *See In re Potashnik*, 2020 WL 1933796, at *3; *see also In re Sullivan*, 214 S.W.3d 622, 624–25 (Tex. App.—Austin 2006, orig. proceeding). Unlike other types of financial records, when a party objects to the production of tax returns, the burden shifts to the party seeking the documents to show relevance and materiality. *In re Potashnik*, 2020 WL 1933796, at *3.

Here, Jones has not explained how tax returns would be relevant to his claims because they would not reflect the funds generated by any accounts specific to him. Moreover, he has not demonstrated that such information could not be obtained from

another source. To the extent Jones seeks tax returns to discover net worth, he failed to demonstrate how they are both relevant and material. *See, e.g.*, *In re Brewer Leasing, Inc.*, 255 S.W.3d 708, 714 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding) (noting "if there are other adequate methods to ascertain net worth, the trial court should not allow discovery of tax returns"). Accordingly, Jones failed to meet his burden to show his entitlement to discovery of relators' tax returns.

Because we have concluded the trial court's discovery order is impermissibly overbroad and the trial court abused its discretion, we must now consider whether relator has an adequate remedy on appeal. *See In re CSX*, 124 S.W.3d at 153. Here, no adequate appellate remedy exists. When a discovery order compels production of "patently irrelevant" or overly broad information, there is no adequate remedy by appeal because the order "imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party." *Id.* (quoting *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding)).

## Conclusion

As written, requests 11 and 13 are overbroad. Accordingly, we conditionally grant mandamus relief and direct the trial judge to vacate its December 14, 2022 order.

We are confident the trial judge will comply, and the writ will issue only if she fails to act promptly in accord with this opinion.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

230014F.P05