COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| IN THE MATTER OF THE | | No. 08-08-00202-CV |
| GUARDIANSHIP OF THE PERSON | § | |
| AND ESTATE OF | | Appeal from |
| | § | |
| THELMA EVELYN WHITE, | | Probate Court No. 1 |
| | § | |
| AN ALLEGED INCAPACITATED | | of El Paso County, Texas |
| PERSON. | § | |
| | | (TC # 2006-G00242) |
| | § | |

## O P I N I O N

Gary White appeals an order requiring him to provide an accounting pursuant to Probate Code Section 489B. Finding that a Rule 11 agreement is valid and enforceable, we affirm the judgment of the probate court.

### FACTUAL BACKGROUND

White is the son of Thelma Evelyn White, the ward in this guardianship proceeding. Brenda McKinley is Thelma's granddaughter and White's niece. Thelma was born in 1918. White had been appointed Thelma's agent under a power of attorney executed in October 2005.

White filed this guardianship in September 2006, complaining that McKinley had removed Thelma from the jurisdiction of the probate court without her informed consent, manipulated her, and depleted her personal accounts. He initially asked to be appointed as guardian of Thelma's person and estate, but he was unable to post the necessary bond. Carmen Vasquez was then appointed as permanent guardian of both Thelma's person and estate. McKinley was subsequently substituted as guardian of the person.

On May 29, 2007, Vasquez filed a motion for accounting pursuant to Section 489B of the

Texas Probate Code. The motion was presented to the court as a "housekeeping matter" at a hearing on June 27. Vasquez's attorney, Sandra Moore-Duarte, reported that the attorneys had spoken and that White "would be compliant in filing an accounting." The hearing then moved on to other subjects, and the court did not hear any evidence on this topic. Later in the hearing, Victor Salas, attorney for Gary White, affirmatively agreed to provide an accounting. The court also commented for the record that White would provide an accounting.

On September 18, 2007, Vasquez filed an application for an order to show cause, alleging that White had failed to provide an accounting. At that time, Salas advised the judge that there had been a delay because of Vasquez's own delay in providing statements from the GECU account. Salas also argued that since White had not taken any action in the account under power of attorney, the Probate Code did not impose a duty to provide an accounting. Rene Ordonez, McKinley's attorney, objected that White's explanation addressed matters that had already been adjudicated, and the only issue before the court was whether White had complied with the court's order. Recognizing there was no written order, the court continued the hearing. Ordonez asked the court to set a deadline. The court announced that she would require that the accounting be filed by a date certain if there in fact had been an agreement to provide one. The judge also indicated if necessary, another hearing could be held to determine White's contentions regarding the power of attorney. White then filed a written response arguing there was no basis for a "show cause" order because the court had not granted the motion for an accounting.

On May 6, 2008, the probate court signed an order indicating that the court "entertained" the motion for an accounting and that it had been "heard and considered" by the court at the hearing on the show cause motion. The order granted the motion and required White to provide an accounting to the guardian of the estate.

**RULE 11 AGREEMENT**

In Point of Error One, White complains that the trial court erred by ordering an accounting without hearing the merits of the motion. Simply stated, the question before us is whether the parties disposed of the motion by a Rule 11 agreement: "Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX.R.CIV.P. 11. A trial court has a ministerial duty to enforce a valid Rule 11 agreement. *ExxonMobil Corp. v. Valence Operating Co.*, 174 S.W.3d 303, 309 (Tex.App.-- Houston [1st Dist.] 2005, pet. denied).

White maintains that although the motion for accounting was set for hearing on June 27, 2007 and the motion for a show cause order was heard October 24, 2007, the court did not reach the merits of the motion on either occasion. But the record reveals that the parties reached an agreement on the record June 27, 2007:

> Mr. Ordonez: There is one other housekeeping matter related to a motion for accounting that was filed by Ms. Sandra Moore-Duarte.
>
> Ms. Moore-Duarte: Yes, Your Honor, on behalf of the guardian, she did file a motion for accounting on May the 29th. Since her date of qualification back in December of 2006, in an attempt to ascertain all of the assets of the estate and find out if any assets have been depleted or if there is any possibility of financial exploitation, we had asked all of the family members to provide an accounting at various times. Both Mr. White and Ms. McKinley had access to Ms. White's assets. And Ms. McKinley has complied with our request for the accounting. I have spoken to Mr. Salas and he has indicated that his client would be compliant in filing an accounting. By agreement of the parties, we would ask if the Court deems it reasonable that Mr. White file that within 30 days.
>
> Mr. Salas: For clarification, Judge, from what period to what period would that accounting be required?
>
> Mr. Ordonez: Pursuant to the motion.

Ms. Moore-Duarte:  In our motion, we had asked for time in which Mr. White had become power of attorney and had access to Ms. White's accounts at Government Employees Credit Union which was November of '05 to the present.

The Court:  That's reasonable.

The court then proceeded to address other motions such as the motion for reimbursement.  Towards the end of the hearing, White's attorney  agreed once again to provide an accounting:

The Court:  And insofar as the expenses, what I would suggest to you, Mr. Salas, is make an application to the estate and to the guardian, and if it can be shown to her satisfaction that these funds were indeed paid out for those purposes, and they were paid out to other individuals and not to Mr. White himself, then if the guardian of the estate is satisfied, then those amounts will have to be in the accounting as part of recognized expenses of the estate.

If the guardian of the estate is not satisfied, she can bring the issue before the Court.  Quite frankly, if it's not satisfactorily shown to the Court that these expenses were reasonable and necessary, he is going to have to reimburse the estate for those funds because he didn't have permission to receive the money or expend the money.

Mr. Salas:  Well, I think that there was some sort of authority by Mr. Reyes at the time as guardian ad litem.  And I believe that's where Mr. White got the authority to make those expenditures, *but we will provide it in the accounting.* [Emphasis added).

At the October 24, 2007 hearing, White admitted that there was an agreement:

The Court:  And I am looking at that.  And I will take that objection into consideration.  Thank you.  Do you have a copy of the order for the accounting?  I have looked through everything on the computer records.  There is no order.

Mr. Strelitz (Co-counsel with Ms. Moore-Duarte): The hearing was on June 28th, Judge.

The Court: Yeah, we looked. There was no order.

Mr. Salas: As I recall, it was sort of a discussion, *an agreement amongst ourselves*. I never saw an order and I don't have one in my file. [Emphasis added).

We conclude that the parties entered into a valid Rule 11 agreement which the court had a ministerial duty to enforce. *See* TEX.R.CIV.P. 11; *ExxonMobil Corp.*, 174 S.W.3d at 309. White cannot now complain that he was deprived of procedural due process because he was not allowed to introduce evidence and examine witnesses. Finding no abuse of discretion in the enforcement of the agreement, we overrule Point of Error One.

## SUFFICIENCY OF THE EVIDENCE

In Point of Error Two, White argues that the trial court erred in ordering an accounting because there was no evidence that White took any action under a power of attorney. Faced with a valid agreement between the parties, no evidence was required. The trial court's decision to enforce the agreement is reviewed under an abuse of discretion standard. *Brekenridge v. Nationsbank of Texas, N.A.*, 79 S.W.3d 151, 157 (Tex.App.--Texarkana 2002, pet. denied). Having already determined that the trial court did not abuse its discretion, we overrule Point of Error Two and affirm the judgment of the trial court.

August 4, 2010

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.