In re F.C. HOLDINGS, INC., Nigel J. Harrison, Individually, JLL Associates FCH, L.P., JLL Associates G.P. FCH, L.L.C., JLL Partners Fund FCH, L.P., JLL Partners Fund IV, L.P., JLL/ FCH Holdings I, L.L.C.; and First Community Bank, National Association, Relators.

No. 12–10–00424–CV.

Court of Appeals of Texas, Tyler.

Aug. 31, 2011.

---

812

Dan Hartsfield, Jackson Lewis LLP, Dallas, for Relator.

Susan Hays, Godwin Ronquillo PC, Dallas, James N. Parsons III, Law Office of Jim Parsons, Palestine, Michael C. Dodge, Glast, Phillips & Murray, A Professional Corp., for Real Party in Interest.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## *OPINION*

JAMES T. WORTHEN, Chief Justice.

In this original proceeding, Relator F.C. Holdings, Inc. seeks a writ of mandamus requiring the trial court to vacate its order compelling compliance with Texas Rule of Civil Procedure 196.3 and granting sanctions for discovery abuse.[1] For the reasons stated in this opinion, we deny the petition.

---

1. The respondent is the Honorable Mark A. Calhoon, Judge of the 3rd Judicial District Court of Houston County, Texas. All of the defendants named in Reavis's lawsuit are identified in the mandamus petition as rela-

## *BACKGROUND*

In April 2007, Don R. Reavis, the real party in interest, entered into an employment contract with the First National Bank of Crockett. This contract included a clause to arbitrate any disputes between the parties to the contract. F.C. Holdings later acquired First National Bank of Crockett. In February 2010, Reavis filed suit against F.C. Holdings, Inc.; Nigel J. Harrison, Individually; JLL Associates, FCH, L.P.; JLL Associates G.P. FCH, L.L.C.; JLL Partnership Fund FCH, L.P.; JLL Partners Fund IV, L.P.; JLL/ FCH Holdings I, L.L.C.; and First Community Bank, National Association. In his original petition, Reavis alleged breach of the employment contract and sought specific performance of the contract. He also alleged common law fraud, conspiracy to commit tortious interference with an existing contract, and conspiracy to violate the Bank Holding Company Act of 1956. The mandamus record indicates that the following actions relevant to this proceeding occurred in 2010:

June 7—Reavis served his second requests for admissions and requests for production on F.C. Holdings. Later in June, he served his third requests for admissions and requests for production on F.C. Holdings.

June 21—F.C. Holdings filed a motion to compel arbitration.

July 6—Reavis and F.C. Holdings entered into a Rule 11 agreement. The agreement stated that the parties would mediate the case and that F.C. Holdings would answer the requests for admissions and production served on it by

---

tors. In the discussion, however, the references are to F.C. Holdings only except as necessary to relate the underlying facts. We will do the same in this opinion.

Reavis seven days before a hearing was set on F.C. Holdings' motion to compel arbitration.

August—Mediation failed.

October 26—F.C. Holdings filed Defendants' First Amended Verified Motion to Compel Arbitration and to Abate Proceedings Pending Arbitration. (The trial court set a hearing on this motion for November 12.)

November 4—Reavis and F.C. Holdings entered into a second Rule 11 agreement. This agreement provided that the case would be resolved through arbitration and be abated pending arbitration. The parties exchanged letters as part of the Rule 11 agreement. In his letter, the attorney for F.C. Holdings stated that he would gather and produce the documents you have requested in the context of the arbitration.

November 12—No hearing was held on the motion to compel arbitration.

November 17—F.C. Holdings produced by email 341 pages of unsorted and unorganized pages that were unidentified as to responsiveness to particular requests and unattributed to a particular defendant as the production source.

November 24—Reavis filed a motion to compel requesting the court to require F.C. Holdings to comply with Texas Rule of Civil Procedure 196.3(c) with reference to the documents that it produced on November 17 and to answer the discovery as agreed in its Rule 11 agreements. Reavis also sought sanctions against F.C. Holdings under Texas Rule of Civil Procedure 215(d) for its failure to comply with Texas Rule of Civil Procedure 196.3.

December 10—Following a hearing on all pending motions, the trial court signed an order directing that F.C. Holdings comply with its Rule 11 agreements, including but not limited to orga-nizing and labeling the documents it produced in compliance with Texas Rule of Civil Procedure 196.3, and that F.C. Holdings be sanctioned for its conduct in its production of documents on November 17. A further hearing was set for January 14, 2011, to ensure that F.C. Holdings complied with the court's order.

December 20—F.C. Holdings filed a petition for writ of mandamus with this court, after which all actions pending in the trial court were stayed.

## ISSUE PRESENTED

Did the trial court abuse its discretion by failing to immediately compel arbitration and stay the proceedings after the parties entered into a Rule 11 agreement to arbitrate?

## AVAILABILITY OF MANDAMUS

A writ of mandamus will issue only if the trial court has committed a clear abuse of discretion and the relator has no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex.2005) (orig. proceeding). A clear abuse of discretion occurs when an action is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *In re CSX, Corp.,* 124 S.W.3d 149, 151 (Tex.2003) (orig. proceeding). A trial court abuses its discretion if it acts without reference to any guiding rules and principles or in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985). So long as a trial court decides a matter within its discretionary authority, an appellate court cannot disturb the trial court's decision even if the reviewing court would have decided the issue differently. *See id.* at 242; *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding). Instead, a trial court's ruling should

be reversed only if it is arbitrary and unreasonable. *Cire,* 134 S.W.3d at 839.

■ Regardless of whether arbitration is sought under the Federal Arbitration Act or the Texas Arbitration Act, appeal is not available when a trial court defers ruling on a motion to compel arbitration. *See* 9 U.S.C. § 16 (no provision for appealing trial court's deferral of ruling on motion to compel arbitration under Federal Arbitration Act); TEX. CIV. PRAC. & REM.CODE ANN. § 51.016 (West Supp. 2010) (in matters subject to Federal Arbitration Act, appeal available under same circumstances that appeal from federal district court's order would be permitted); TEX. CIV. PRAC. & REM.CODE ANN. § 171.098 (West 2011) (no provision for appealing trial court's deferral of ruling on motion to compel arbitration under Texas Arbitration Act). Therefore, mandamus is the appropriate procedure by which we review the trial court's deferral of a ruling on whether to grant or deny a motion to compel arbitration. *In re Champion Techs.,* 173 S.W.3d 595, 598–99 (Tex.App.-Eastland 2005, orig. proceeding) (deferral of ruling on motion to compel arbitration under Federal Arbitration Act until after completion of discovery); *In re MHI P'ship, Ltd.,* 7 S.W.3d 918, 921 (Tex.App.-Houston [1st Dist.] 1999, orig. proceeding) (deferral of ruling on motion to compel arbitration under Texas Arbitration Act until after completion of discovery). Accordingly, F.C. Holdings need not show that it has no adequate remedy by appeal.

## ABUSE OF DISCRETION

■ Prearbitration discovery is available if the trial court lacks sufficient information regarding the scope of an arbitration provision or other issues of arbitrability. *In re Houston Pipe Line Co.,* 311 S.W.3d 449, 451 (Tex.2009) (orig. proceeding). But this is not an authori-

zation to order discovery on the merits of the underlying controversy. *Id.* However, an arbitration agreement is a contract. *See In re Palm Harbor Homes, Inc.,* 195 S.W.3d 672, 676–77 (Tex.2006) (orig. proceeding). And the parties having the power to make a contract have the power to modify it by making additions to it. *Moser Co. v. Awalt Indus. Props., Inc.,* 584 S.W.2d 902, 906 (Tex.Civ.App.-Amarillo 1979, no pet.); *Drexler v. Bryan Bldg. Prods. Co.,* 374 S.W.2d 806–07 (Tex.Civ.App.-Waco 1964, no pet.). Modification of a contract is some change in an original agreement that introduces a new or different element into the details of the contract, but leaves its general purposes and effect undisturbed. *Enserch Corp. v. Rebich,* 925 S.W.2d 75, 83 (Tex.App.-Tyler 1996, writ dism'd).

### Modification and Performance

■ The parties in the instant case had the power to modify the arbitration clause in their employment agreement. They did so with the Rule 11 agreements of July 6 and November 4, 2010. The parties agreed to certain discovery, which would take place before any hearing held on F.C. Holdings' motion to compel arbitration.

■ The trial court has a duty to enforce the terms of a valid Rule 11 agreement. *Fortis Benefits v. Cantu,* 234 S.W.3d 642, 651 (Tex.2007); *see also In re Guardianship of White,* 329 S.W.3d 591, 592 (Tex.App.-El Paso 2010) (orig. proceeding) ("A trial court has a ministerial duty to enforce a valid Rule 11 agreement."). F.C. Holdings does not argue that the Rule 11 agreements of July 6 and November 4 were invalid. Instead, F.C. Holdings contends that once Reavis agreed to arbitrate, the trial court had to immediately grant its motion to compel arbitration and stay the proceedings. However,

the July 6 Rule 11 agreement stated that F.C. Holdings would answer and produce the discovery requested in June by Reavis seven days before any hearing on its motion to compel arbitration. F.C. Holdings performed under this Rule 11 agreement on November 17 when it sent the 341 pages to Reavis. But F.C. Holdings' failure to organize and identify those pages violated Texas Rule of Civil Procedure 196.3, which states as follows:

**196.3  Production.**

. . . .

(c) *Organization.* The responding party must either produce documents and tangible things as they are kept in the usual course of business or organize and label them to correspond with the categories in the request.

TEX.R. CIV. P. 196.3(c).

The July 6 Rule 11 agreement between F.C. Holdings and Reavis created a condition precedent to the trial court's consideration of F.C. Holdings' motion to compel arbitration. When F.C. Holdings produced documents to satisfy this condition precedent, it did so in a manner that violated the Texas Rules of Civil Procedure. Had there been no Rule 11 agreements, discovery would have been conducted in the arbitration proceeding, and the Texas Rules of Civil Procedure would not have applied. *See Crossmark, Inc. v. Hazar,* 124 S.W.3d 422, 432 n. 10 (Tex.App.-Dallas 2004, pet. denied). But under the facts presented here, the trial court had a duty to enforce F.C. Holdings' performance of its Rule 11 obligations pursuant to the Texas Rules of Civil Procedure. The trial court was therefore fulfilling its ministerial duty by requiring F.C. Holdings to comply with Rule 196.3. *See Fortis Benefits,* 234 S.W.3d at 651.

F.C. Holdings contends that the trial court was required to take up the motion to·compel arbitration before the motion to compel discovery and for sanctions and cites *In re Houston Pipe Line Co.,* 311 S.W.3d 449 (Tex.2009) as support. In *Houston Pipe,* the Texas Supreme Court ruled that the trial court abused its discretion by ordering prearbitration discovery instead of ruling on the motion to compel arbitration. *Id.* at 452. However, in that case, there had been no modification of the arbitration agreement by a Rule 11 agreement as there was here. *Id.* at 450. Here, the parties agreed to prearbitration discovery, but F.C. Holdings responded to that prearbitration discovery in a manner that did not comply with the Texas Rules of Civil Procedure. We do not read *Houston Pipe* to limit a trial court's authority to require a party to comply with the rules of procedure when it agrees to prearbitration discovery. Therefore, the facts in that case are distinguishable from the facts of the instant case.

F.C. Holdings also contends that a statutory stay was imposed, which prevented the trial court from considering the motion to compel discovery and for sanctions filed by Reavis. Section 171.025(a) of the Texas Practice and Remedies Code states as follows:

(a) The court shall stay a proceeding that involves an issue subject to arbitration if an order for arbitration or an application for that order is made under this subchapter.

TEX. PRAC. & REM.CODE ANN. § 171.025(a) (West 2011). This statute provides on its face that the court shall stay a proceeding. In other words, the stay is not automatic. As we have explained, the parties' Rule 11 agreements and F.C. Holdings' deficient performance under these agreements delayed the trial court's consideration of the motion to compel arbitration and the order of the statutory stay. The order in which the trial court considered the motions before the

motion to compel arbitration was not an abuse of discretion.

### F.C. Holdings' Interpretation of the Rule 11 Agreements

F.C. Holdings contends that the trial court misinterpreted the November 4 Rule 11 agreement. It contends that the trial court should have interpreted the phrase in the context of arbitration as meaning the parties would immediately go into arbitration and that any discovery would take place in arbitration. But there was no need for the trial court to interpret the Rule 11 agreement. F.C. Holdings had already interpreted the November 4 Rule 11 agreement as requiring it to tender the responses to Reavis's outstanding discovery requests. It did so on November 17, in a manner that violated Texas Rule of Civil Procedure 196.3. It was this deficient performance by F.C. Holdings under the Rule 11 agreements that triggered the trial court's duty to consider Reavis's motion to compel discovery and for sanctions prior to considering F.C. Holdings' motion to compel arbitration. *See Fortis Benefits*, 234 S.W.3d at 651.

#### CONCLUSION

F.C. Holdings has failed to show that the trial court abused its discretion in deferring its ruling on F.C. Holdings' motion to compel arbitration until after it considered Reavis's motion to compel discovery and impose sanctions. Therefore, F.C. Holdings has failed to show that it has a clear right to the relief sought. Accordingly, its petition for writ of mandamus is *denied*. Our *stay* of January 3, 2011 is *lifted*. Reavis has filed a motion in this court seeking sanctions against F.C. Holdings. We overrule the motion.