COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 


 
 
 READYONE
 INDUSTRIES, INC.,
  
                             Appellant,
  
 v.
  
 ROBERTO CARREON,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 § 
  
 §
  
 
 
  
 No. 08-11-00383-CV
  
 Appeal from the
  
 384th
 Judicial District Court 
  
 of El
 Paso County, Texas 
  
 (TC#2011-DCV-00940)
  
 
 


 

O
P I N I O N

            In this non-subscriber
negligence case, ReadyOne Industries, Inc. brings an interlocutory appeal from the
trial court’s order permitting arbitration-related discovery.[1]  Because the trial court did not rule on the merits of ReadyOne’s
motion to compel arbitration, but rather expressly postponed its ruling on the motion until after the discovery it had ordered
was completed, we
dismiss the appeal for want of jurisdiction.

FACTUAL
AND PROCEDURAL BACKGROUND

            Alleging that he
sustained an on-the-job injury, Roberto Carreon sued ReadyOne for
negligence.  After filing an answer,
ReadyOne moved to compel arbitration pursuant to an agreement requiring claims
of on-the-job injuries to be submitted to binding arbitration.  In response, Carreon moved for limited
discovery on the issue of arbitrability to “develop [his] case, and defend
against [ReadyOne’s] contentions that a valid arbitration agreement exists . .
. .”  Carreon also opposed ReadyOne’s
motion to compel, arguing that his claims against ReadyOne are not arbitrable
because:  (1) the Franken Amendment[2] prevents
federal contractors from enforcing agreements to arbitrate tort claims related
to or arising out of negligent hiring, supervision, or retention; and (2) among
other reasons, he lacked the mental capacity to enter into a valid arbitration
agreement.

            After considering these
matters, the trial court ordered limited discovery on the applicability of the
Franken Amendment and on Carreon’s mental capacity.  In its order, the trial court made clear that
“[it] has not provided a ruling on Defendant’s Motion to Compel Arbitration and
will not provide such until the . . . discovery [ordered] is complete.”

JURISDICTION

            ReadyOne contends that
the trial court’s order is reviewable by interlocutory appeal pursuant to
Section 51.016 of the Texas Civil Practice and Remedies Code.  See Tex.Civ.Prac.&Rem.Code Ann. §
51.016 (West Supp. 2012).  Carreon, on
the other hand, argues that ReadyOne cannot bring an interlocutory appeal of
the trial court’s order under Section 51.016 because the trial court did not rule
on the merits of ReadyOne’s motion to compel arbitration.  We agree.

Standard of Review

            Appellate courts have
jurisdiction over interlocutory orders permitted by statute.  See Tex.Civ.Prac.&Rem.Code Ann. §§
51.012 and 51.014 (West Supp. 2012).  We
strictly construe such statutes because interlocutory orders are a narrow
exception to the general rule that interlocutory orders are not immediately
appealable.  CMH Homes v. Perez, 340 S.W.3d 444, 447-48 (Tex. 2011); Nazareth Hall Nursing Ctr. v. Castro,
374 S.W.3d 590, 593 (Tex.App.--El Paso 2012, no pet.); Lucchese, Inc. v. Solano, 08-11-00101-CV,
2012 WL 2409659, *2 (Tex.App.--El Paso 2012, no pet.).  The substance and function of the
interlocutory order from which an appeal is taken controls our interlocutory
jurisdiction.  Castro, 374 S.W.3d at 593; Solano,
2012 WL 2409659, at *3; Texas La Fiesta
Auto Sales, LLC v. Belk, 349 S.W.3d 872, 878 (Tex.App.--Houston [14th
Dist.] 2011, no pet.).  When a party
attempts to appeal a non-appealable interlocutory order, we have no
jurisdiction except to dismiss the appeal. 
Cantu Servs., Inc. v. United
Freedom Assoc., Inc., 329 S.W.3d 58, 63 (Tex.App.--El Paso 2010, no pet.)
(quotation marks omitted).

Applicable Law

            Section 51.016 of the
Texas Civil Practice and Remedies Code provides that in a matter subject to the
Federal Arbitration Act (FAA), a party may appeal from an interlocutory order of
a district court “under the same circumstances that an appeal from a federal
district court’s order . . . would be permitted by 9 U.S.C. Section 16.”  Tex.Civ.Prac.&Rem.Code
Ann. § 51.016 (West Supp. 2012).  Section
16 of the FAA identifies the types of orders from which an appeal may be
taken.  Pursuant to Section 16, an appeal
may be taken from:

(1)
an order--

 

(A) refusing a stay of any action under
section 3 of this title,

(B) denying a petition under section 4 of this title to order arbitration
to proceed,

(C) denying an application under section 206 of this title to compel
arbitration,

(D) confirming or denying confirmation of an
award or partial award, or

(E) modifying, correcting, or vacating an
award;

 

(2)
an interlocutory order granting, continuing, or modifying an injunction against
an arbitration that is subject to this title; or

 

(3)
a final decision with respect to an arbitration that is subject to this title.

 

9 U.S.C.A. § 16(a)(West 2009).

 

Discussion

 

When strictly construed, Section 51.016 of
the Texas Civil Practice and Remedies Code does not permit an interlocutory
appeal from a trial court’s order deferring ruling on a motion to compel
arbitration.  As established above,
Section 16 of the FAA refers only to orders denying an application to
compel arbitration and not to orders postponing a ruling on a motion to compel
arbitration.  See 9 U.S.C.A. § 16 (no express provision
authorizing appeal from trial court’s postponement of ruling on a motion to
compel arbitration under the FAA).  Accordingly,
an order deferring a ruling on a motion to compel arbitration is not
appealable under Section 16.  Because such an order is not appealable under
the FAA, it is not an appealable order under Section 51.016.  See Tex.Civ.Prac.&Rem.Code Ann. §
51.016 (in matters subject to the FAA, an appeal is available only under the
same circumstances that an appeal from federal district court’s order would be
permitted).  We therefore conclude that the trial court’s order
permitting arbitration-related discovery is not reviewable by interlocutory
appeal.

ReadyOne argues that Section 16 “allow[s] an
interlocutory appeal from a district court order that postpones a ruling on a
motion to compel arbitration pending further discovery.”  In support of its argument, ReadyOne points
us to several decisions from various intermediate federal appellate courts that
stand for the proposition that if the substance of the order effectively denies
a motion to compel arbitration, it is an appealable order under Section 16, even
if the order does not determine conclusively whether the dispute should be
referred to an arbitrator.[3]  Although we may rely on decisions from
intermediate federal appellate courts as persuasive authority, we are not
persuaded by those relied upon by ReadyOne. 
See Penrod Drilling Corp. v.
Williams, 868 S.W.2d 294, 296 (Tex. 1993)(stating that opinions from any
federal or state court may be relied on a persuasive authority, but Texas
appellate courts are obligated to follow only higher Texas courts and the
United States Supreme Court).  Here,
unlike in the cases on which ReadyOne relies, the substance of the trial
court’s order did not effectively deny ReadyOne’s motion to compel
arbitration.  Moreover, our sister court considered
this identical issue in In re F.C. Holdings,
Inc. and held that, “[r]egardless of whether arbitration is sought
under the [FAA] or the Texas Arbitration Act, appeal is not available when a
trial court defers ruling on a motion to compel arbitration.”  349
S.W.3d 811, 815 (Tex.App.--Tyler 2011, orig. proceeding)(citations
omitted).  We are thus more persuaded by
our reasoning and that of our sister court in In re F.C. Holdings, Inc. than by the reasoning of the federal
appeals courts in the cases relied upon by ReadyOne.

CONCLUSION

Because the trial court’s order permitting
arbitration-related discovery and deferring ruling
on ReadyOne’s motion to compel arbitration
is not an appealable order under Section 16 of the FAA, and thus, is not an
appealable order under Section 51.016 of the Texas Civil Practice and Remedies
Code, we do not have jurisdiction to consider ReadyOne’s appeal.  Accordingly, we dismiss the appeal for want
of jurisdiction.

 

 

December 21, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure,
C.J., Rivera, and Antcliff, JJ.











[1]
ReadyOne also filed a companion petition for writ of mandamus seeking to compel
the trial court to vacate its order.

 





[2]
Section 8116 of the Department of
Defense Appropriations Act of 2010 is known as the Franken Amendment because of
its author, Senator Al Franken of “Saturday Night Live” fame.





[3]
See,
e.g., Madol v. Dan Nelson Auto. Grp., 372 F.3d 997, 998-99 (8th Cir.
2004)(concluding that the district court’s order that did not determine
conclusively whether the dispute should be referred to an arbitrator, but rather
rejected the magistrate judge’s order compelling arbitration, stayed
proceedings, and reopened discovery, was an appealable order under Section 16
because the order refused a stay and directed that the litigation proceed); Boomer v. AT&T Corp., 309 F.3d 404,
411-12 (7th Cir. 2002)(concluding that the district court’s order explicitly
denying a motion to compel arbitration was immediately appealable under Section
16, notwithstanding the issuance of a subsequent minute order directing the
parties to confer and advise it regarding whether a separate trial on
arbitrability of the claims was warranted).