

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00359-CV

**IN RE** Jonathan David **RICE** and Diana Rice

Original Mandamus Proceeding[1]

Opinion by:     Karen Angelini, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Irene Rios, Justice

Delivered and Filed:  July 18, 2018

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

After relators obtained an arbitration award in their favor, they moved to confirm the award. The real parties in interest ("RPIs") opposed confirmation, arguing confirmation was unnecessary as a matter of law. Following a hearing, the trial court deferred ruling on the motion to confirm pending its decision on other matters, and ordered payment of the award into the court's registry. Relators filed this mandamus proceeding asserting the trial court abused its discretion by not ruling on the motion to confirm and by ordering the award placed into the court's registry. The RPIs responded, and this court stayed the underlying proceedings pending resolution of this mandamus proceeding. We conditionally grant the petition for writ of mandamus.

---

[1] This proceeding arises out of Cause No. 2015CI08936, styled *Jonathan David Rice v. Lewis Energy Group, L.P., et al.*, pending in the 224th Judicial District Court, Bexar County, Texas, the Honorable Laura Salinas presiding.

**BACKGROUND**

On May 4, 2018, relators obtained an arbitration award, which was filed under seal with this court. In the award, the arbitrator directed the RPIs to pay damages to relators and their attorneys within thirty days of the date of the award.[2] On May 10, relators filed a motion to confirm the award, attached to which was a copy of the arbitration award. A hearing on the motion to confirm was set and then reset to May 22. On May 22, the RPIs filed a response to the motion to confirm, to enforce confidentiality of the award, and for sanctions for improper filings. In this motion, the RPIs complained that relators violated a confidentiality clause by filing an unredacted and unsealed copy of the award. The RPIs also asserted relators cannot move to confirm the award because it is not yet final. Finally, the RPIs moved for sanctions. Although the RPIs did not set their motion for hearing, the trial court considered the motions of all parties at the May 22 hearing.

On May 24, the trial court signed two orders. In the first order, the trial court ordered that the motion to confirm be sealed pursuant to Texas Rule of Civil Procedure 76a(5) and it set a hearing for June 18 "to determine if the subject file shall be permanently sealed or if the temporary sealing of the record shall be extended." The court also found that conducting the June 18 hearing was "necessary to ensure the pending sanction issue is resolved prior to unsealing the record." In the second order, the trial court ordered (1) the motion to confirm be withdrawn from public filing by sealing the records, (2) relators and their attorneys to cease all public communication related to the award, (3) the parties to file briefs on other issues,[3] and (4) the RPIs to interplead the award into the court's registry.[4]

---

[2] The award is dated May 4, 2018, and thirty days later was June 3, 2018.

[3] The briefing was to address (1) the filing of relators' motion to confirm "before the deadline for payment," and (2) relator's knowledge about the confidentiality provision of the award.

[4] Relators filed an Advisory with this court stating the RPIs deposited the funds into the registry.

In their petition for writ of mandamus, relators assert the trial court abused its discretion (1) by not ruling on their motion to confirm in the absence of any motion by the RPIs to vacate, modify, or correct the award and (2) by modifying the award to permit payment into the court's registry. Relators ask this court to direct the trial court to grant their motion to confirm and withdraw its order modifying the award.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Mandamus will issue only to correct a clear abuse of discretion when there is no other adequate remedy at law. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). To satisfy the clear abuse of discretion standard, the relator must show "that the trial court could reasonably have reached only one decision." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 840). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (per curiam).

Here, the trial court has refused to rule on relators' motion to confirm the arbitration award when there was no pending motion to vacate, modify, or correct the award. Therefore, there is no appealable order. *See* 9 U.S.C. § 16; TEX. CIV. PRAC. & REM. CODE ANN. § 171.098 (West 2011); *see also In re F.C. Holdings, Inc.*, 349 S.W.3d 811, 815 (Tex. App.—Tyler 2011, orig. proceeding) (holding relator need not show no adequate remedy by appeal because "[r]egardless of whether arbitration is sought under the Federal Arbitration Act or the Texas Arbitration Act, appeal is not available when a trial court defers ruling on a motion to compel arbitration.").

**CONFIRMING AN ARBITRATION AWARD**

"Unless grounds are offered for vacating, modifying, or correcting an award under [Civil Practice and Remedies Code] Section 171.088 or 171.091, the court, on application of a party, shall confirm the award." TEX. CIV. PRAC. & REM. CODE § 171.087; *see also Hamm v. Millennium Income Fund, L.L.C.*, 178 S.W.3d 256, 262 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ("Both the FAA and TAA require the trial court to confirm an arbitration award unless 'grounds are offered for vacating, modifying, or correcting an award' (TAA) or the award 'is vacated, modified, or corrected' (FAA)."). "Therefore, '[c]onfirmation is the default result unless a challenge to the award has been or is being considered.'" *Shopoff Advisors, L.P. v. Atrium Circle, GP*, 04-17-00241-CV, 2018 WL 280473, at *3 (Tex. App.—San Antonio Jan. 3, 2018, no pet.) (mem. op.) (quoting *Hamm*, 178 S.W.3d at 262).

Here, the RPIs did not offer grounds to vacate, modify, or correct the award. In their response to the petition for writ of mandamus, the RPIs concede they did not have grounds to challenge the award. Instead, the RPIs argued to the trial court and to this court that a party cannot file a motion to confirm before an arbitration award is made final by its terms. The RPIs contend the award was not yet final when relators moved to confirm because the date by which payment of the award was to be made—June 3—had not yet expired. The RPIs provide no authority for their argument that a payment date is the equivalent of the date by which an arbitration award becomes final, and the caselaw on which they rely in general terms does not support their argument.

The RPIs rely on the unpublished opinion in *Lincoln v. C&N Group, Inc.*, 05-97-00114-CV, 1997 WL 672626, at *2 (Tex. App.—Dallas Oct. 30, 1997, no pet.), for the proposition that a party may not move to confirm an arbitration award that is not final. The court in *Lincoln* did not consider the question of whether a payment date is equivalent to a finality date. Instead, the court

considered the terms of the parties' arbitration agreement to determine whether the award was final:

> The parties in this case agreed to arbitration and defined the arbitration process that would control any controversies or disputes that arose from the contract. They agreed to a two-tiered process that included a de novo appeal from the first arbitration decision. The contract provided that, if invoked, the decision on appeal would be the "final award." The record shows the parties completed the first step of the arbitration process; the arbitrator conducted a hearing and issued an award. The record also shows appellees timely appealed the initial award within twenty days, thereby invoking the appellate process. We conclude that, pursuant to the terms of the contract, a final award has not yet been determined.

*Id.* The court concluded that because the Lincolns agreed to the two-tiered process of arbitration, they were required to complete the arbitration process before seeking redress in the courts. *Id.* at *3.

The parties' arbitration agreement in this case does not contain any similar multi-step process. And, the RPIs point to nothing in the arbitration agreement itself to support their contention that the award is not final until the payment due date of the award.

For an arbitration award to be final, the arbitrators must intend the award "'to be their complete determination of all claims submitted to them,'" and "'[g]enerally, for a claim to be completely determined, the arbitrators must have decided not only the issue of liability of a party on the claim, but also the issue of damages.'" *Denver City Energy Assocs., L.P. v. Golden Spread Elec. Coop., Inc.*, 340 S.W.3d 538, 546 (Tex. App.—Amarillo 2011, no pet.) (citations omitted). Here, the award states: "This award is in full satisfaction and resolution of all claims submitted to this arbitration. All other claims not expressly granted herein, are hereby denied." The award also decides the issue of damages. A May 16, 2018 email from the arbitrator to the parties states: "The AAA file was closed with the issuance of the Final Award on May 4, 2018." Therefore, because the arbitrator intended the award to be a complete determination of all submitted claims and damages, we hold the award was final on May 4, 2018.

Because the award was final on May 4, 2018, relators were "entitled to have the motion [to confirm] granted unless a motion to vacate, modify or correct the award was filed." *City of Baytown v. C.L. Winter, Inc.*, 886 S.W.2d 515, 521 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 171.087 (trial court "shall confirm award" "[u]nless grounds are offered for vacating, modifying, or correcting an award"). There is no dispute that the RPIs did not file a motion to vacate, modify or correct the award. Therefore, we hold the trial court erred by refusing to rule on the motion to confirm.

Relators ask this court to direct the trial court to grant their motion to confirm. Although this court may compel a trial court to exercise its ministerial duty to rule, we may not instruct that court what its ruling should be. *See Crofts v. Court of Civil Appeals for the Eighth Judicial Dist.*, 362 S.W.2d 101, 105 (Tex. 1962) (orig. proceeding); *In re Martinez Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding). Therefore, we may only direct the trial court to rule on relators' motion to confirm the arbitration award.

## DID THE TRIAL COURT "MODIFY" THE AWARD?

Relators also contend the trial court improperly modified the award by ordering that the award be paid into the court's registry rather than paid to relators under the terms of the award. The RPIs counter that the trial court did not modify the award, and instead, ordered the award into the registry to maintain the "status quo" pending a hearing on the motion for sanctions and on the issue of the confidentiality of the award. The RPIs also contend the trial court was "protecting" the award pending an evidentiary ruling on the sanctions issue. According to the RPIs, the sanctions could be used as an offset to any amount relators' attorney would be entitled to receive in fees.

Upon determining the "aggregate total amount of . . . compensation for all damages alleged by [relators] in this arbitration," the arbitrator directed (1) the RPIs to pay relators and their

attorneys the compensation (2) "within thirty (30) days of the date of this award with post-judgment interest on the above sums at 5% commencing thereafter until paid in full." The arbitrator also directed each party to be "responsible for payment of their own attorney's fees and expenses incurred in preparing for and attending the arbitration hearing."

The trial court ordered as follows:

> It is further ORDERED that the [RPIs] may interplead the Arbitrator's Award to the Registry of the Court of the Bexar County District Clerk. [Relators] are allowed to brief whether the Award should remain in the Registry of the Court pending resolution of the [RPIs'] Motion for Sanctions for Improper Filing.

We conclude the trial court erred by allowing the RPIs to interplead the award into the court's registry in the absence of a motion to modify the award.

## CONCLUSION

For the reasons stated above, we conditionally grant the petition for writ of mandamus, and direct the trial court to, within fifteen days, (1) rule on relators' Motion to Confirm Arbitration Award and (2) withdraw that portion of its May 24, 2018 Order allowing the RPIs to "interplead the Arbitrator's Award to the Registry of the Court of the Bexar County District Clerk." We are confident the trial court will comply with this opinion within the next fifteen days. A writ will issue only if the trial court fails to do so.

Karen Angelini, Justice