# NO. 12-20-00211-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: LANCE THAYER AND L & L* | § | |
| *LINE SERVICES, LLC,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

In this original proceeding, Relators Lance Thayer and L&L Line Services LLC, seek a writ of mandamus requiring Respondent to vacate his order compelling discovery and conduct a hearing on their motion to compel arbitration.[1]  For the reasons stated in this opinion, we deny the petition.

## BACKGROUND

J&L Utility Service Company is a utility line service business owned by Nancy Boyd, Ronald Boyd, and Sara Boyd Gary (collectively RPIs).  J&L experienced financial difficulties in early 2020, and the Boyds appointed Thayer as J&L's Chief Restructuring Officer in March. According to the RPIs, Thayer locked the Boyds out of J&L's office and operated the business without any oversight.  RPIs urge that Thayer operated J&L toward his best interests instead of the best interests of J&L.  In April, Thayer formed L&L Line Services, LLC, and J&L entered into a contract for sale in which L&L purchased virtually all of J&L's assets.  The contract for sale contained an arbitration clause.

In June, Thayer paid off all of J&L's outstanding notes at the bank.  However, RPIs contend that Thayer represented that he purchased the notes and refused to provide documentation as proof.  On July 10, L&L sent a notice of intent to accelerate to J&L and

---

[1] Respondent is the Honorable Chris Martin, Judge of the 294th Judicial District Court in Van Zandt County, Texas.  The underlying proceeding is trial court cause number 20-00130, styled *J&L Utility Service Company, Nancy L. Boyd, Ronald P. Boyd, and Sara Boyd Gary v. Lance Thayer and L&L Line Services LLC*.

claimed to own the notes previously owed to the bank. The notice gave J&L until August 1 to cure the alleged default. On July 15, Relators sent a notice of foreclosure to J&L that claimed to schedule J&L's real property for a foreclosure sale on August 4.

RPIs filed suit against Relators on July 31. In their original petition, they asserted claims for declaratory judgment, fraud, breach of contract, breach of fiduciary duty, and accounting. They further requested a temporary restraining order to halt the foreclosure sale. Respondent entered the temporary restraining order the same day and set the temporary injunction for hearing August 13. RPIs also filed a motion for expedited discovery with their original petition, which was granted the same day. Relators filed a motion to compel arbitration on August 4 and requested that it be heard along with the application for temporary injunction on August 13. RPIs objected, alleging insufficiency of notice of the hearing on the motion to compel arbitration, and Respondent set the motion for written submission on August 26.

At the injunction hearing on August 13, the parties entered into a Rule 11 agreement to reschedule the temporary injunction hearing and submission date for the motion to compel arbitration. The parties further agreed to attend mediation on September 11. The temporary injunction hearing was reset for September 23, and Relators agreed the motion to compel arbitration would be considered by written submission on October 12.

In the meantime, on August 10, Relators served their responses to the request for production that were attached to the expedited discovery order. According to RPIs, the documents produced were "heavily redacted, missing pages, did not include any statements from two J&L bank accounts, and omitted transactions that occurred prior to Relators' self-imposed April 20 cut-off." In addition, Relators objected that the requests sought irrelevant information and claimed that only transactions through April 20 were relevant. RPIs filed a motion to compel discovery on August 21. In their motion, RPIs urged that the discovery was material to their claim that the arbitration clause was unconscionable. The motion to compel discovery was originally set for hearing on August 26, but it was rescheduled. RPIs filed a supplement to their motion to compel discovery. On September 3, Respondent conducted a hearing.[2] Respondent granted the motion to compel discovery on September 4 and ordered the production of documents on or before September 8. This original proceeding followed.

---

[2] The record contains the notice of the hearing on the motion to compel, which indicates that the hearing was to be held via Zoom on September 3, 2020, at 4:00 pm. However, any transcript of said hearing does not appear in the record.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy that is available only when the trial court has clearly abused its discretion and there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). A clear abuse of discretion occurs when a trial court "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court has no discretion in determining what the law is or in applying the law to particular facts. *Id.* at 840. A clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.*

Regardless of whether arbitration is sought under the Federal Arbitration Act or the Texas Arbitration Act, appeal is not available when a trial court defers ruling on a motion to compel arbitration. *See* 9 U.S.C. § 16 (no provision for appealing trial court's deferral of ruling on motion to compel arbitration under Federal Arbitration Act); TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West 2015) (in matters subject to Federal Arbitration Act, appeal available under same circumstances that appeal from federal district court's order would be permitted); TEX. CIV. PRAC. & REM. CODE ANN. § 171.098 (West 2019) (no provision for appealing trial court's deferral of ruling on motion to compel arbitration under Texas Arbitration Act). Therefore, mandamus is the appropriate procedure by which we review the trial court's deferral of a ruling on whether to grant or deny a motion to compel arbitration. *In re Champion Techs., Inc.,* 173 S.W.3d 595, 598–99 (Tex. App.—Eastland 2005, orig. proceeding) (deferral of ruling on motion to compel arbitration under Federal Arbitration Act until after completion of discovery); *In re MHI P'ship, Ltd.,* 7 S.W.3d 918, 921 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (deferral of ruling on motion to compel arbitration under Texas Arbitration Act until after completion of discovery).

## MANDAMUS RECORD

We first address the RPIs' argument that Relators' petition should be dismissed on the basis that Relators brought forward an inadequate record. Relators must file with the petition for writ of mandamus "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and a "properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits

offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a). "After the record is filed, relator or any other party to the proceeding may file additional materials for inclusion in the record." TEX. R. APP. P. 52.7(b).

Despite notice from the Clerk of this Court notifying Relators of the need to file a record, Relators did not file a record separate from their appendix in compliance with Rule 52.7. Furthermore, the appendix did not include every document material to their claim filed in the trial court. Relators failed to include several documents, including those relating to the trial court's setting hearings on the motion to compel arbitration and RPIs' motion for expedited discovery. However, RPIs filed their own record, which included the missing documentation. As a result, Relators' failure to comply with Rule 52.7 was cured by RPIs providing us with copies of the relevant documents. *See In re Houseman*, 66 S.W.3d 368, 373-74 (Tex. App.— Beaumont 2001, orig. proceeding). Consequently, we hold that the record is sufficient for the purposes of this petition and we overrule the RPIs' motion to dismiss.

## ABUSE OF DISCRETION

Relators urge that Respondent abused his discretion in compelling pre-arbitration discovery and request that Respondent be compelled to conduct a hearing on their motion to compel arbitration. RPIs contend that Respondent properly ordered pre-arbitration discovery because this case is similar to the facts we faced in *In re F.C. Holdings, Inc.*, 349 S.W.3d 811 (Tex. App.—Tyler 2011, orig. proceeding).

The trial court may order pre-arbitration discovery when it "cannot fairly and properly" make its decision on a motion to compel arbitration because "it lacks sufficient information regarding the scope of an arbitration provision or other issues of arbitrability." *In re Houston Pipe Line Co.*, 311 S.W.3d 449, 451 (Tex. 2009) (per curiam); *see In re Susan Newell Custom Home Builders, Inc.*, 420 S.W.3d 459, 460 (Tex. App.—Dallas 2014, orig. proceeding). When challenging the validity of an arbitration provision, the challenge must generally be resolved by the trial court. *Berry Y&V Fabricators, LLC v. Bambace*, 604 S.W.3d 482, 486 (Tex. App.— Houston [14th Dist.] 2020, no pet.). However, as parties have the right to contract as they see fit, they may delegate to the arbitrator questions concerning validity or enforceability of an arbitration agreement, and we enforce such clauses when the delegation is clear and unmistakable. *Id.* The United States Supreme Court has been very clear that arbitrators are

4

competent to decide any legal or factual issues the parties commit to their determination, including threshold issues of arbitrability such as whether an enforceable arbitration agreement exists. *Id.* The arbitration provision at issue in this case did delegate this issue to the arbitrator.

Discovery must be limited to obtaining information regarding the scope of the arbitration provision or a defense to the provision. *See Houston Pipe Line Co.*, 311 S.W.3d at 451. A party opposing arbitration is entitled to pre-arbitration discovery on a defense "if and only if" the party "shows or provides a colorable basis or reason to believe that the discovery requested is material in establishing the defense." *In re VNA, Inc.*, 403 S.W.3d 483, 487 (Tex. App.—El Paso 2013, orig. proceeding); *see Houston Pipe Line Co.*, 311 S.W.3d at 451 (stating that "motions to compel arbitration and any reasonably needed discovery should be resolved without delay"). Pre-arbitration discovery is not an authorization to order discovery on the merits of the underlying controversy. *See Houston Pipe Line Co.*, 311 S.W.3d at 451; *In re ReadyOne Indus., Inc.*, 400 S.W.3d 164, 168 (Tex. App.—El Paso 2013, orig. proceeding); *F.C. Holdings, Inc.*, 349 S.W.3d at 815.

An arbitration agreement is a contract. *See In re Palm Harbor Homes, Inc.,* 195 S.W.3d 672, 676–77 (Tex. 2006) (orig. proceeding). And the parties having the power to make a contract have the power to modify it by making additions to it. *Moser Co. v. Awalt Indus. Props., Inc.,* 584 S.W.2d 902, 906 (Tex. Civ. App.—Amarillo 1979, no writ); *Drexler v. Bryan Bldg. Prods. Co.,* 374 S.W.2d 806–807 (Tex. Civ. App.—Waco 1964, no writ). Modification of a contract is some change in an original agreement that introduces a new or different element into the details of the contract but leaves its general purposes and effect undisturbed. *Enserch Corp. v. Rebich*, 925 S.W.2d 75, 83 (Tex. App.—Tyler 1996, writ dism'd).

In *F.C. Holdings*, Don Reavis entered into an employment contract with the First National Bank of Crockett, which was later acquired by F.C. Holdings. *F.C. Holdings, Inc.*, 349 S.W.3d at 813. The contract included a clause to arbitrate any disputes between the parties to the contract. *Id.* Reavis filed suit against F.C. Holdings and others alleging, among other things, breach of the employment contract and seeking specific performance of the contract. *Id.* F.C. Holdings eventually filed a motion to compel arbitration. *Id.* The parties entered into a Rule 11 agreement in which they agreed to mediate the case and engage in limited discovery. *Id.* After mediation failed, the parties entered into a second Rule 11 agreement in which they agreed to pursue arbitration and F.C. Holdings agreed to produce discovery regarding arbitration. *Id.* at

5

814. After finding F.C. Holdings's discovery responses deficient, Reavis filed a motion to compel with the trial court. *Id.* Following a hearing, the trial court granted Reavis's motion to compel. *Id.* F.C. Holdings petitioned this Court for mandamus relief. *Id.* In denying mandamus relief, we held that the parties' Rule 11 agreements triggered the discovery requirements of the Texas Rules of Civil Procedure and that the trial court had a duty to enforce the Rule 11 agreements in compliance with the Rules of Civil Procedure. *Id.* at 816. Furthermore, the Rule 11 agreements modified the arbitration provision and delayed the trial court's consideration of the motion to compel arbitration. *Id.* As a result, the trial court did not abuse its discretion in ruling on the motion to compel discovery before ruling on the motion to compel arbitration. *Id.* at 817.

The trial court has a duty to enforce the terms of a valid Rule 11 agreement. ***Fortis Benefits v. Cantu,*** 234 S.W.3d 642, 651 (Tex. 2007); *see also **In re Guardianship of White,*** 329 S.W.3d 591, 592 (Tex. App.—El Paso 2010, orig. proceeding) ("A trial court has a ministerial duty to enforce a valid Rule 11 agreement."). Relators do not argue that the Rule 11 agreement of August 13 is invalid. Instead, Relators contend that once they filed a motion to compel arbitration, Respondent had to immediately hear their motion and stay the proceedings. However, the August 13 Rule 11 agreement postponed the hearing on the motion to compel arbitration until after the hearing on the temporary injunction. Relators must have believed that they were still required to comply with the expedited discovery order because they tendered responses. Because their responses were deficient, they triggered Respondent's duty to consider RPIs' motion to compel discovery. In addition, on August 25, the parties agreed to reset the hearing on the motion to compel discovery for September 3, a date preceding the hearing on the motion to compel arbitration by more than one month. As a result, Respondent was fulfilling his ministerial duty by hearing the motion to compel discovery before ruling on the motion to compel arbitration. *See **F.C. Holdings***, 349 S.W.3d at 816. In addition, the stay referenced in the Texas Civil Practice and Remedies Code is not automatic. *See id.*; TEX. CIV. PRAC. & REM. CODE ANN. § 171.025(a) (West 2019). The parties' Rule 11 and other agreements delayed Respondent's consideration of the motion to compel arbitration and the order of the statutory stay. *See **F.C. Holdings***, 349 S.W.3d at 816. The order in which Respondent considered the motions before the motion to compel arbitration was not an abuse of discretion. *See id.* at 816-17.

6

Relators further argue that Respondent abused his discretion because RPIs have not shown a colorable basis for a defense to the arbitration provision. RPIs have not filed a response to the motion to compel, partially because their response is not yet due, which was agreed to by Relators. In addition, RPIs argued in their motion to compel discovery that the requested documents are necessary for their response to the motion to compel arbitration. Thayer was J&L's Chief Restructuring Officer, which is a position consisting of fiduciary duty. According to RPIs, while serving as the Chief Restructuring Officer, Thayer convinced J&L to execute a contract selling virtually all of the company's assets to Thayer's entity, L&L. RPIs contend that the events leading up to the execution of that contract are relevant to determining whether the arbitration provision is procedurally unconscionable. They further urge that transactions taking place after that date (which Relators failed to produce), are relevant in determining whether declaratory and injunctive relief relating to those transactions falls within the scope of the arbitration provision. As a result, Respondent could have reasonably found that RPIs demonstrated a colorable basis for a defense to the motion to compel arbitration. *See Houston Pipe Line*, 311 S.W.3d at 451 (pre-arbitration discovery authorized when trial court lacks sufficient information regarding scope of arbitration provision or other issues of arbitrability). Accordingly, Relators failed to demonstrate an abuse of discretion by Respondent as to this issue.

## DISPOSITION

Relators failed to show that the trial court abused its discretion in deferring its ruling on the motion to compel arbitration until after considering the motion to compel discovery. Relators further failed to show that the trial court abused its discretion in granting the motion to compel discovery. Therefore, Relators have failed to demonstrate a clear right to the relief sought. Accordingly, their petition for writ of mandamus is ***denied***. Our stay of September 14, 2020 is ***lifted***.

BRIAN HOYLE
Justice

Opinion delivered October 30, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 30, 2020

NO. 12-20-00211-CV

**LANCE THAYER AND L & L LINE SERVICES, LLC,**
Relators
V.

**HON. CHRIS MARTIN,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Lance Thayer and L & L Line Services, LLC; who are the relators in appellate cause number 12-20-00211-CV, and defendants in trial court cause number 20-00130, pending on the docket of the 294th Judicial District Court of Van Zandt County, Texas. Said petition for writ of mandamus having been filed herein on September 10, 2020, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*