**Motion Granted; Appeal Dismissed and Memorandum Opinion filed October 17, 2023**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-23-00694-CV

---

## TEXAS REIT, LLC, ALI CHOUDHRI, DALIO HOLDINGS I, LLC AND DALIO HOLDINGS II, LLC, Appellants

### V.

## MOKARAM-LATIF WEST LOOP, LTD AND ALI MOKARAM, Appellees

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-27197D**

---

## MEMORANDUM OPINION

Appellants appeal an order denying their motion to compel arbitration. The trial court signed the order on September 13, 2023. On September 19, 2023, the trial court signed an order withdrawing its September 13 order denying appellants' motion to compel arbitration. *See* Tex. R. App. P. 29.5 (while an appeal from an interlocutory order is pending, the trial court retains jurisdiction of the case and unless prohibited by statute may make further orders, including one dissolving the

order complained of on appeal). Appellees have filed a motion to dismiss, arguing the appeal is moot.

Appellants respond that the September 19 order withdrawing the September 13 order is void because an automatic stay was in effect when the trial court signed the September 19 order. Appellants rely on the recent United States Supreme Court decision in *Coinbase, Inc. v. Bielski*, for the contention that there was an automatic stay in place. 143 S. Ct. 1915 (2023). In *Coinbase*, the Court relied on the *Griggs* principle: "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Id.* at 1919 (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Texas has never followed the *Griggs* principle in circumstances like those presented here. Texas Rule of Appellate Procedure 29.5 expressly provides that the trial court retains jurisdiction while an interlocutory appeal is pending. *See* Tex. R. App. P. 29.5. Texas law does, however, provide for some automatic stays during certain interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(b) (providing for automatic stays of certain statutorily allowed interlocutory appeals). An interlocutory appeal from the denial of a motion to compel arbitration is not an appeal for which our Civil Practice and Remedies Code provides an automatic stay. *See In re F.C. Holdings, Inc.*, 349 S.W.3d 811, 816 (Tex. App.—Tyler 2011, orig. proceeding) (no automatic stay after an order denying arbitration). Therefore, the order withdrawing the order denying arbitration is not void, as argued by appellants.

Because the order being appealed has been withdrawn, the appeal is moot. *See Alorica and Alorica, Inc. v. Jasso*, No. 08-18-00158-CV, 2018 WL 6191488 at *1 (Tex. App.—El Paso Nov. 28, 2018, no pet.). Accordingly, we dismiss the appeal. All pending motions are denied as moot.

PER CURIAM

Panel Consists of Justices Jewell, Zimmerer, and Bourliot